**People of the State of Illinois, Defendant in Error, v. Harry Miller, Plaintiff in Error.**

**Gen. No. 47,820.**

First District, First Division.

December 21, 1959.

Released for publication January 18, 1960.

Zola Margulis, of Chicago, for plaintiff in error.

Benjamin S. Adamowski, State's Attorney of Cook County (Francis X. Riley and William W. Winterhoff, Assistant State's Attorneys, of counsel) for defendant in error.

JUSTICE McCORMICK delivered the opinions of the court.

The defendant, Harry Miller, was charged in an information with driving a motor vehicle while under the influence of intoxicating liquor in violation of sec-

tion 47 of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1957, chap. 95½, par. 144). On a plea of not guilty the case was tried by the court without a jury. The defendant was found guilty and was fined $200 and costs, and he sued out a writ of error to review his conviction.

The defendant contends that the State failed to prove the *corpus delicti* and failed to establish the defendant's guilt beyond a reasonable doubt. On the trial of the case Michael Brennan, the complaining witness and arresting police officer, testified on behalf of the State. The defendant testified, together with one Donald Foley.

Police officer Brennan testified that on December 28, 1958, he investigated an accident at Madison and Laramie streets in the City of Chicago; that he came to the scene of the accident at about 7:20 p.m.; that the accident had occurred about 6:50 p.m.; that at the time of his arrival the cars were at the curb and both cars had been damaged; that at that time the defendant told the witness that he had driven his car at the time of the accident. Officer Brennan testified that he first saw the defendant walking down the street coming out of a tavern, and, when asked whether he noticed anything unusual about defendant's manner at the time, the witness stated that he did not take any particular notice but that when he talked to him he detected the odor of alcohol on his breath. The officer took defendant to the station, and, testifying concerning a "visual observation test" given the defendant and which concluded at about 8:00 p.m., stated that he found "the odor of his breath was moderate; his face was pale; his clothes were orderly; his attitude was polite and cooperative; his eyes were watery; his pupils were dilated; his balance, walk and turning were swaying; on the finger to nose test, the right hand was sure, and the left hand was uncer-

354

tain; picking up coins was slow; and his speech was slurred." From that examination the officer concluded that the defendant was under the influence of intoxicating liquor.

On direct examination the officer was asked as to whether he had asked the defendant if he had anything to drink after the accident, and the witness stated the defendant said he had one short beer. On cross-examination the officer stated that while they were in the squad car at the scene of the accident the defendant wanted to get out of the car because he wanted some air and that at that time he told the officer he had had a shot of whiskey. The officer also testified that while in the station he had to wait some time for the drunkometer technician to "come out." This is the only reference to any test having been made through the drunkometer.

The defendant testified that on the day in question he had worked all day with three other men installing a concrete basement floor in his home; that during the course of the whole day they bought and brought in two "six packs" of beer, out of which he had approximately two beers; that at 6:00 p.m. he took one of his helpers home, and then, while driving back, his car and another car were involved in an accident at Madison and Laramie streets; that both drivers pulled their cars over to the side and parked there; that the other driver called the police. There are taverns located on both sides of the street and the witness further testified that the night was cold; that he was wearing a light weight jacket; that he went into a tavern and drank a short beer and was treated to a "double shot" of "VO" whiskey; that when he saw the police arrive he went over to them. The witness stated that the two beers he drank before the accident would not put him under the influence of alcohol, and he testified that when questioned at the

station he had a terrific headache, and he could not remember whether he mentioned the "double shot" of whiskey to the officer at that time.

Donald Foley testified that he was in the tavern about 7:00 p.m. on December 28, 1958; that he saw the defendant and talked to him; that the defendant told him he had a little accident; that he bought the defendant a "double shot" of "VO" and that at that time the defendant, in his opinion, was sober.

In a criminal case the burden rests upon the State to prove beyond a reasonable doubt both the *corpus delicti* and the guilt of the defendant. In a case such as the one at bar, in order to prove the *corpus delicti* it is necessary to prove both that the defendant drove the car at the time and place in question and that he was then and there under the influence of intoxicating liquor. "The same evidence may be used to prove both the existence of the crime and the guilt of the defendant, the test being whether the whole evidence proves the facts that a crime was committed and that the accused committed it." People v. Gavurnik, 2 Ill.2d 190; People v. Brown, 379 Ill. 262. Here it is admitted that the defendant drove the car. The only disputed question is whether or not before and at the time the accident occurred the defendant was under the influence of intoxicating liquor. There is no testimony in the record concerning the state of sobriety of the defendant immediately after the accident. The driver of the other car involved in the accident was not called. The police officer testified that when he arrived at the scene of the accident, approximately one-half hour after the accident occurred, he saw the defendant walking from a tavern and that at that time he took no particular notice as to whether or not there was anything unusual about the defendant's manner but that he did notice the odor of alcohol on his breath. At that stage of the proceedings

356

there was not sufficient evidence in the record to prove the defendant guilty. The officer then testified that the defendant was driven to the police station; that he was given a visual test which terminated at approximately one-half hour after the time when the defendant testified that he had two drinks of whiskey in a tavern. From the results of the visual examination the officer concluded that at that time the defendant was intoxicated. As we have remarked, it does not appear in the record whether or not a drunkometer test was given the defendant.

If the only evidence in the record had been the testimony of the officer with reference to the accident, the odor of alcohol on the defendant's breath, the subsequent visual examination, and his conclusion as a layman (no attempt was made to qualify the police officer as an expert) that the defendant was under the influence of intoxicating liquor, the trial court could have been justified in entering a finding of guilty against defendant. However, the defendant then interposed the defense that within the half hour following the accident he had gone into a tavern and drank a short beer and two shots of whiskey. The reasons for his going into the tavern, as stated by him, were that he was lightly clad and the day was cold. In this testimony he is substantiated by the witness Foley who testified that he bought the whiskey for the defendant. If that testimony is believed, the question is raised as to whether the officer's conclusion that the defendant was under the influence of intoxicating liquor, based on his visual examination, was the result of the defendant's drinking activities before or after the time when the accident occurred. Consequently it would raise a reasonable doubt of the defendant's guilt, which would be sufficient to prevent a finding of guilty by the trial court. In order to find the defendant guilty the trial

357

court must have completely disregarded this testimony of the defendant and his corroborating witness Foley; and it is evident that the court did so since, in rendering his decision, he discusses the probable effect of a short beer upon the defendant without mentioning the fact that there was testimony in the record that defendant had two drinks of whiskey.

The State argues that the court properly disregarded this testimony inasmuch as the police officer testified that when he asked the defendant what he had to drink subsequent to the accident the defendant told him that he had one short beer. The defendant testified that at the time when the officer was questioning him he had a headache and he does not remember whether he did or did not tell him about having the whiskey. Subsequently on cross-examination the officer testified that the defendant told him that he had had a drink of whiskey. The only evidence in the record with reference to the drinking activity of the defendant prior to the accident is found in his own testimony on direct examination, to-wit, that he had on the day in question, preceding the time of the accident, approximately two beers.

In People v. Skelly, 409 Ill. 613, the court states that the abstract rule of law is that the positive testimony of a witness, uncontradicted and unimpeached, either by positive testimony or by circumstantial evidence, intrinsic or extrinsic, cannot be disregarded but must control the decision of the court and jury, unless there is such an inherent improbability in the statements of the witness as to induce the court or jury to disregard his evidence even in the absence of any direct conflicting testimony. Neither the court nor the jury can wilfully and capriciously disregard such testimony.

In the instant case the testimony of the defendant that he had two drinks of whiskey is corroborated

by his witness Foley. This testimony is not contradicted and there is nothing in the record which would indicate that the testimony was inherently improbable. The State apparently contends that the fact that the defendant stated that he had one short beer after the accident is an implied admission negating his corroborated and uncontradicted testimony given on the witness stand and that such an admission may so impeach his testimony as to remove it from the consideration of the trial court. However, even if this were the rule, the effect of the police officer's testimony that the witness had failed to tell him that he had had whiskey to drink is greatly weakened by the subsequent testimony of the police officer on cross-examination that the witness had told him that he had had a drink of whiskey, as well as by the fact that when defendant approached the officer after the accident he was coming from a nearby tavern.

After a careful examination of all the evidence it is our opinion that the State failed to prove the defendant guilty beyond a reasonable doubt of driving a motor vehicle while under the influence of intoxicating liquor, as prohibited in section 47 of the Uniform Act Regulating Traffic on Highways. The judgment of the trial court is reversed.

Reversed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.