**People of the State of Illinois, Plaintiff-Appellee, v. William Schulewitz, Defendant-Appellant.**

**Gen. No. M–51,779.**

First District, First Division.

September 25, 1967.

Jerome Feldman and Dennis L. Posen, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Carl M. Walsh, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant was charged with driving a motor vehicle while under the influence of intoxicating liquor, in violation of the Uniform Act Regulating Traffic (Ill Rev Stats 1961, c 95½). Upon a plea of not guilty and waiver of a jury, the court found defendant guilty and assessed a fine of $100 and $5 court costs and ordered that defendant's driver's license be revoked for one year.

On appeal defendant contends (1) the State failed to prove beyond a reasonable doubt both the corpus delicti

and guilt of defendant, and that the corpus delicti in the drunk driving case consists of two elements, namely, that the defendant was operating a motor vehicle at the time and place in question, and that he was then and there under the influence of intoxicating liquor; (2) to justify a conviction of operating a motor vehicle while under the influence of intoxicating liquor at a certain time and place through the use of circumstantial evidence, such circumstantial evidence must be of such a nature and proved so thoroughly to establish defendant's guilt, so as to exclude every reasonable hypothesis of innocence, otherwise a conviction cannot stand; and (3) that the State failed to produce evidence to overcome the presumption of innocence of the defendant.

On December 23, 1965, at about 11:45 p. m., Officer Vincent Hart, in the company of his partner, went to the vicinity of 5703 West Madison Street, Chicago, and found a Volkswagen bus stopped in the center lane of traffic, facing east and obstructing traffic. The defendant was seated in the driver's seat with his head back, apparently sleeping or passed out. Officer Hart knocked on the window and the driver (later determined to be the defendant) awoke and was told to get out of the vehicle. Officer Hart got into the car to move it over to the side, and at that time another car struck the rear end of the police squad car, which was parked directly behind the Volkswagen, causing Officer Hart to sustain injuries. He was taken to the hospital for treatment, and he returned to the police station at about 3:30 a. m., at which time he observed and interviewed the defendant. The defendant said "he had three bottles of beer," and that when he was asked if he had been hurt or received any bumps in the 3-car collision, he replied, "No." When asked if he had anything to drink after the accident, the defendant again said, "No."

Officer Hart further testified that at the station the defendant had a "strong" odor of alcohol on his breath,

"bloodshot, watery" eyes, "flushed" face, and "soiled" clothes; further, "his walking was swaying; his turning hesitant and swaying; the finger to nose on the right hand was hesitant; left hand was hesitant; picking up of coins, he was slow; on the speech test he was slurred, mush-mouthed and thick-tongued." Based on Officer Hart's observation of the defendant, it was Officer Hart's opinion that defendant was "under the influence."

On cross-examination, Officer Hart stated that he did not know whether or not the keys were in the ignition or if the motor was running at the time he arrived at the scene. When he first observed defendant at the scene, he was not able to determine any odor of liquor on the breath of defendant, and he did not again see defendant until 3:30 a. m., the following day, at the 15th District station. He did not observe the defendant operating the vehicle and had no knowledge of the fact that defendant did operate the vehicle.

■ The State agrees that "in order to prove the corpus delicti, the State has the burden of proving that the defendant drove a motor vehicle at the time and place in question, and that he was then and there under the influence of intoxicating liquor. People v. Miller, 23 Ill App2d 352, 163 NE2d 206, and People v. Barnes, 34 Ill App2d 238, 180 NE2d 509." We agree that the burden of proof never shifts in a criminal prosecution, and "in order to warrant a conviction of crime on circumstantial evidence, the proof of circumstances must be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime. . . . It is true that direct evidence is not necessary, but to warrant a conviction on circumstantial evidence the facts proved must so thoroughly establish the guilt of the person accused as to exclude every reasonable hypothesis of his innocence." (People v. Grizzel, 382 Ill 11, 19, 46 NE2d 78 (1943).) We also

agree that an accused is entitled to rely on the presumption of innocence, and if the State fails to establish guilt, the defendant need not introduce any evidence. People v. Magnafichi, 9 Ill2d 169, 137 NE2d 256 (1956).

Defendant argues that in order to prove the corpus delicti, the State must prove that the defendant drove the automobile at the time and place in question, and that the defendant was then and there under the influence of intoxicating liquor. (People v. Miller, 23 Ill App2d 352, 163 NE2d 206 (1960).) Defendant asserts there is no testimony in the record that defendant's automobile was in an operable condition or that the engine was running, and "there is absolutely no evidence as to the manner in which the Defendant, William Schulewitz operated his automobile at the time and place in question and based upon this alone, the Defendant, William Schulewitz should be discharged."

 As to the corpus delicti, we believe this record calls for the application of the guidelines recently set forth by this court in People v. Haehnel, 78 Ill App2d 71, 223 NE2d 464 (1966), where it is said (p 74):

> "Direct and positive evidence is not necessary to prove the corpus delicti, . . . and the test is whether the entire evidence establishes that a crime was committed and that the accused committed it. . . . In considering the evidence, fair inferences may be drawn, and requirement that defendant's guilt be proved beyond a reasonable doubt does not mean that the court may disregard the inferences flowing from the evidence before it."

 Also, this court said in a similar case, People v. Garnier, 20 Ill App2d 492, 156 NE2d 613 (1959), at p 494:

"[O]bservation of defendant in the act of driving while intoxicated is not an indispensable requirement for conviction under section 47 of the Traffic Act."

As said in People v. Garnier, 20 Ill App2d 492, 156 NE 2d 613 (1959), (p 495):

"Generally, circumstantial evidence which produces a reasonable and moral certainty that the accused committed the crime is sufficient to justify a conviction."

█ We believe that statement applies here. It is a fair inference that when a car is found stopped in the middle lane of a busy thoroughfare, and a person is found asleep or unconscious behind the wheel, sitting in the driver's seat, with no one else present, that that person drove the vehicle to its present location. It would be most unreasonable to assume otherwise. The evidence here amply supports the assumption that he actually did so.

██ We believe the observations of Officer Hart were sufficient evidence to prove that the defendant was under the influence of intoxicating liquor at the time and place in question. We conclude the uncontradicted evidence here was sufficient to prove the corpus delicti (1) that the defendant drove the motor vehicle at the time and place in question, and (2) that he was then and there under the influence of intoxicating liquor. The conviction is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.