**People of the State of Illinois, Plaintiff-Appellee, v. Eugene Taylor, Defendant-Appellant.**

**Gen. No. 53,078.**

First District, Second Division.

April 29, 1969.

Wilson and Garnett, of Chicago (Kenneth E. Wilson, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and L. Michael Getty, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

Eugene Taylor was charged with the offenses of driving while under the influence of intoxicating liquor, failure to yield the right of way, and failure to display a city vehicle sticker. Following a bench trial, the defendant was discharged on the latter two charges and found guilty of the first as that offense is defined in Ill Rev Stats (1965), c 95½, § 144. Judgment was entered on the finding and he was fined one hundred dollars and assessed five dollars costs. He appeals alleging (a) the evidence was unsatisfactory and insufficient to prove him guilty beyond a reasonable doubt, and (b) the trial court considered matters not in evidence in determining the guilt of the defendant, contrary to law.

At the trial, police officer Edward K. Jowski, the only witness for the prosecution, testified that on February 25, 1967, at approximately 7:30 p. m. he was driving northbound on Cottage Grove Avenue when a car pulled out in front of him at Forty-second Place, forcing him into the southbound lane in order to avoid a collision; that he stopped the offending vehicle, which was being driven by the defendant and he engaged in a conversation with the driver at which time the officer detected the odor of alcohol on the defendant's breath; that the driver stated that he had been drinking wine. The officer further testified that the defendant was then arrested, advised of his constitutional rights and transported to the police station where he was questioned further and certain tests were administered.

With respect to the defendant's physical condition the officer testified that his eyes were bloodshot, face color normal, clothes soiled and disorderly. Officer Jowski

further testified that he administered certain performance tests with the following results: balance test, defendant swaying; walking test, defendant sure; finger to nose test, right hand hesitant, left hand missed; turning test, defendant hesitant.

The witness was also allowed to read questions asked of, and answers given by, the defendant during his interrogation at the police station, the substance of which was that he admitted having consumed some alcoholic beverages, bourbon and beer. Finally, it was stipulated that a breathalyzer reading of .10 was taken at 10:00 p. m., two and one-half hours after the arrest. Under the statute in force at the time of the alleged offense a reading of .10 did not raise a presumption of either intoxication or sobriety.

The defendant took the stand on his own behalf and testified that he had consumed two shots of bourbon and a beer between 7:00 and 7:30 p. m.; that he was not under the influence of alcohol at the time of his arrest and his ability to drive had not been impaired; that his performance on the balancing, turning, and walking tests was affected by a painful foot condition. He denied telling the police officer that he had been drinking wine.

Defendant contends that the court considered matters not in evidence in determining his guilt. This contention is based upon a statement made by the trial court at the time that the finding of guilty was announced in which the court noted that the statute which defines the offense had been amended subsequent to the arrest and prior to trial to the extent that at the time of trial a breathalyzer reading of .10 served to raise a presumption of intoxication, (at the time of arrest a reading of .15 was required for this presumption), and that the court felt that the breathalyzer reading in the instant case would have been higher had the test been administered immediately following the arrest.

83

■ We find this contention to be without merit. A fair reading of the court's commentary clearly discloses that the court did not consider the presumption which arises under today's statute, but merely made passing reference to the change. Further, it is also clear from the record that the statement of the court with respect to what a breathalyzer reading would have been if the defendant had been tested immediately after his arrest was not made as part of the review of the evidence upon which the court made its finding, but rather was merely comment upon certain remarks made by defense counsel during his closing argument to the effect that he, defense counsel, believed that had a breathalyzer test been administered at 7:30 p. m., the time of the arrest, it would have been lower than the reading obtained at 10:00 p. m.

■ Defendant's second contention is that he was not proven guilty beyond a reasonable doubt. The rule is well settled that in order to prove the corpus delicti the State has the burden of proving that the defendant drove a motor vehicle at the time and place in question and was, at that time, under the influence of intoxicating liquor. People v. Miller, 23 Ill App2d 352, 163 NE2d 206 (1959); People v. Barnes, 34 Ill App2d 238, 180 NE2d 509 (1962); People v. Schulewitz, 87 Ill App2d 331, 231 NE2d 678 (1967); People v. Mundorf, 97 Ill App2d 130, 239 NE2d 690 (1968).

The trial court found, and we agree, that the testimony of the police officer was not sufficient to meet the State's burden of proof. The court was of the opinion, however, that the totality of the evidence, consisting of the testimony of the police officer and the breathalyzer reading, was sufficient to establish guilt beyond a reasonable doubt. While we agree that the testimony of the police officer standing alone was not sufficient to satisfy the prosecution's burden, we must disagree as to the additional effect of the breathalyzer reading. Under the statute in force at the time of the occurrence no pre-

sumption arose under a reading of .10. Furthermore, there was no evidence as to what the reading would have been at a time other than when the test was actually administered. The only reasonable inference which can be drawn from the reading, is that the defendant had consumed some form of alcoholic beverage. Any attempt to ascertain therefrom the physical condition at the time of his arrest would amount to mere speculation which is not, of course, a competent basis for a finding of guilty. This single justifiable inference serves to contribute little, if anything, to the State's case, especially in view of the defendant's admission that he had in fact consumed some alcohol.

██ We therefore conclude that the State failed to prove the defendant guilty beyond a reasonable doubt since the corpus delicti was not established. The judgment of guilty must therefore be reversed.

Judgment reversed.

BURKE and McCORMICK, JJ., concur.