THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN BROWER, Defendant-Appellant.

(No. 54639;

First District—January 21, 1971.

Clarence M. Dunagan, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Norman Brower was convicted of the offense of driving while under the influence of intoxicating liquor in violation of Section 47 of the Uniform Act Regulating Traffic on Highways (95½ Ill. Rev. Stat. 144 (1967) ). That sections provides in relevant part: "No person who is under the influence of intoxicating liquor may drive * * * any vehicle within this State." He appeals solely on the ground that the evidence adduced at trial before the court sitting without a jury was insufficient to prove him guilty beyond a reasonable doubt. We affirm.

■■ In a bench trial, the court, sitting as the trier of fact, determines for itself the credibility of witnesses, the relative weight to be given to their respective testimony and the inferences to be drawn therefrom. *People v. Zayas*, 102 Ill.App.2d 166, 243 N.E.2d 536.

■■ It is a basic rule of law that a reviewing court will not disturb a guilty verdict on grounds of insufficient evidence unless it is so unsatisfactory, improbable or unreasonable or so palpably contrary to the evidence as to require the raising of a reasonable doubt of the defendant's guilt. *People v. Scott*, 116 Ill.App.2d 103, 253 N.E.2d 614; *People v. Tensley*, 3 Ill.2d 615, 122 N.E.2d 155. cert. den. 351 U.S. 967. This holds true in reviewing convictions of bench trials as well as jury trials. See *Tensley, supra.*

■■ It is well settled that the State must prove both elements of the offense: (a) that the defendant drove a motor vehicle at the time and place in question, and (b) that he was under the influence of intoxicating liquor at that time, *People v. Mundorf*, 97 Ill.App.2d 130, 239 N.E.2d 690; *People v. Miller*, 23 Ill.App.2d 352, 163 N.E.2d 206. The defendant does not contend that he was not operating a motor vehicle at the time and place in question. Indeed, he admitted it.

Defendant suggests that the evidence adduced of his being under the influence of intoxicating liquor is insufficient as a matter of law to find him guilty, citing *People v. Taylor*, 110 Ill.App.2d 81, 249 N.E.2d 127;

In *Taylor*, the trial court found: (1) the evidence taken as a whole other than that from a breathalyzer reading was insufficient for a finding of guilty, but (2) that that evidence considered together with the breathalyzer reading justified a guilty finding. The reviewing court agreed with the first conclusion of the trial court but did not accept its further finding.

■■ However, after disallowing the breathalyzer evidence, the reviewing court in *Taylor* had to consider only evidence which the trier of fact had deemed insufficient to convict. In effect, the reviewing court would have had to overturn a finding of innocence in order to hold the defendant guilty. This is not permissible under our basic concepts of due process and denial of double jeopardy. Here, on the other hand, we are faced with a situation in which the trier of fact had found that the evidence was sufficient to convict, and we are asked to review that finding. It is not, as this court has many times stated, for a reviewing court to substitute its opinion for determination of truth where there is conflicting testimony. The determination of truth is that instance is peculiarly for the trier of fact. See e.g. *People v. Reynolds*, 131 Ill.App.2d 121, —— N.E.2d ——, (No. 53597).

*People v. Miller*, 23 Ill.App.2d 352, 163 N.E.2d 206 shows the proper and usual approach to the question of sufficiency of the evidence in cases of this type. There, the court found that the conviction had to be reversed because of competent, inherently probable and uncontradicted testimony that the defendant had been drinking subsequent to the accident. The court went on to say, 23 Ill.App.2d at 357, 163 N.E.2d at 208,

If the only evidence in the record had been the testimony of the officer with reference to the accident, the odor of alcohol on the defendant's breath, the subsequent visual examination, and his conclusion as a layman (no attempt was made to qualify the police officer as an expert) that the defendant was under the influence of intoxicating liquor, the trial court could have been justified in entering a finding of guilty against defendant.

Here, the evidence of the defendant's driving was from the complainant whose car was damaged as well as the officer's testimony as to the fact of the damage. The police officer testified as to the odor of alcohol on the defendant's breath; further, the defendant admitted that the complainant thought he was drunk, thus corroborating the testimony of the police officer; there was, as in *Miller*, a subsequent visual examination with the officer, not having been qualified as an expert, stating that the defendant was under the influence of intoxicating liquor. In *Miller*, the officer testified:

"the odor of his breath was moderate; his face was pale; his clothes were orderly; his attitude was polite and cooperative; his eyes were watery; his pupils were dilated; his balance, walk and turning were swaying; on the finger to nose test, the right hand was sure, and the left hand was uncertain; picking up coins was slow; and his speech was slurred." 23 Ill.App.2d at 354—5, N.E.2d at 207.

■■ Here, the officer testified that the odor of alcohol was moderate, the

defendant's eyes were bloodshot, his face normal, his clothes orderly and he was cooperative with no unusual actions; but that his balance was swaying, his walking swaying and his turning swaying. The defendant himself admitted that he had been drinking and that he had gone back not to the factory, where he had been working, to find witnesses, but rather to the bar which was to the east instead of the north of the scene of the accident. Both the bar and the factory were about a block away from the scene of the accident.

The decision below must, therefore, be affirmed.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.