THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES P. SULLIVAN, Defendant-Appellant.

(No. 54396;

First District—April 20, 1971.

Paul R. Goldman, of Chicago, (Sheldon M. Schapiro, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Thomas M. Walsh, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is to review defendant's bench trial conviction for operating a motor vehicle while under the influence of intoxicating liquor.[1] The court sentenced him to pay a fine of $100.00 and costs in the sum of $5.00. His driver's license was "[r]evoked as per statute."[2] Evidence for the prosecution consisted of a police officer's testimony and one exhibit. Evidence for the defense consisted of defendant's testimony and that of a companion.

April 6, 1969, at about 1:00 A.M., Officer Patrick O'Neill saw an automobile make a right turn off Lawrence and proceed south on Lincoln Avenue in Chicago. He stopped it approximately 400 feet from the intersection. Defendant was the driver. With him was Charles J. Woods. O'Neill told defendant that he had proceeded through a red light. Defendant said he had not; that the light was yellow. O'Neill smelled the odor of alcohol on defendant's breath. When he mentioned this, defendant denied he had been drinking. He got out of his car and walked 15 or 17 feet. O'Neill noticed defendant "[s]ort of was—staggering—you know—unsure * * * his clothes were a little disarranged—That's all." When the request was made, defendant produced his driver's license. O'Neill arrested defendant for driving his vehicle while under the influence of intoxicating liquor.

---

[1] Ill. Rev. Stat. 1967, ch. 95½, par. 144

(a) No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State.

(b) * * *

[2] Ill. Rev. Stat. 1967, ch. 95½, par. 144

(i) * * *

The Secretary of State shall revoke the chauffeur's or operator's license of any person convicted under this section. * * *

Defendant was put in a squadrol and taken to a police station. When they arrived there, he walked up the steps of the police station unassisted. In the station O'Neill made out an Alcoholic Influence Report. He recorded the odor of alcohol on defendant's breath as moderate; his eyes were bloodshot; his face was flushed; his clothes disarranged; his attitude was talkative, cocky and his picking up of coins was sure. When O'Neill asked defendant what he had to drink, he either said one drink at two places that evening or "I may have said two or three drinks —I don't know."

After the prosecution rested its case, defendant testified that in the evening in question between 11:00 and 11:30 P.M., he met Woods in a restaurant where he ate and had one drink. Next, they went across the street "[t]o Jimmy Lynch * * * and I had one drink there." Then, he drove to the intersection of Lawrence and Lincoln where he was stopped by Officer O'Neill. Defendant denied he was under the influence of intoxicating liquor. He insisted that he performed all the tests given him in the police station. His companion, Woods, testified and corroborated defendant's testimony. After hearing the three witnesses, the court found defendant guilty.

Although several issues are presented for review, the one we resolve is whether the evidence proved beyond a reasonable doubt that on the evening of April 6, 1969, defendant operated a motor vehicle while under the influence of intoxicating liquor.

■■■ One of the facts that the State had to prove beyond a reasonable doubt was that, at the time alleged, defendant drove a motor vehicle while under the influence of intoxicating liquor. (*People v. Taylor,* 110 Ill.App.2d 81, 249 N.E.2d 127; *People v.Ellena* (1924), 67 Cal.App. 683, 228 P. 389.) Being "under the influence of intoxicating liquor" means a condition that makes a person less able, either mentally or physically, or both, to exercise clear judgment, and with steady hands and nerves, operate an automobile with safety to himself and to the public. (*Dawkins v. Chavez* (1955), 132 Colo. 61, 71, 285 P.2d 821; *Snyder v. Denver* (1951), 123 Colo. 222, 226, 227 P.2d 341.) This condition is proved or disproved in the same manner as is any other disputed fact. The rules of evidence are the same as in other judicial inquiries. Hence, any evidence which tends to establish or negative the condition of being under the influence of intoxicating liquor is admissible. (See *People v. McHugh* (1923), 62 Cal.App. 17, 216 P. 76; Annot. 42 A.L.R. 1498, 1506 (1926).) Thus, a witness can describe what he observed and give his opinion concerning a driver's sobriety at the time in question. (See *People v. Greenberg,* 79 Ill.App.2d 288, 224 N.E.2d 577.) It is the province of the trier of the facts to weigh the evidence (including the opinion of

a witness), determine credibility and decide whether the elements of the charge are proved. (*People v. Mundorf*, 97 Ill.App.2d 130, 239 N.E.2d 690.) However, where review of the record reveals a reasonable doubt that defendant operated a motor vehicle under the influence of intoxicating liquor, this court will reverse. *People v. Foster*, 114 Ill.App.2d 357, 252 N.E.2d 722.

In the case before us, the record discloses that at the scene of the arrest the officer smelled what he later said was a moderate odor of alcohol on defendant's breath. The only other abnormal behavior he observed was a "staggering * * * unsure * * *" walk of the defendant a distance of fifteen to seventeen feet; and that defendant's clothes were "a little disarranged—that's all." When he was asked, defendant produced his license. When he was taken to the police station, defendant walked the steps unassisted. There he answered all qustions. He was able to tell where he had been, what he had eaten and what he had to drink. He insisted that he was not under the influence of intoxicating liquor. He explained some of O'Neill's description of his conduct by saying that he suffered from low blood pressure and had an eye injury. No witness contradicted him. As to these facts, his testimony was positive and unimpeached.

Officer O'Neill's testimony was almost entirely in answer to leading questions. He was not asked nor is there any evidence of what experience, if any, O'Neill had in observing persons under the influence of intoxicating liquor. At the conclusion of his testimony, in words that were suggestive, O'Neill was asked, "In your opinion, the defendant was under the influence of intoxicating liquor?" He answered, "Yes, I do."

■■ Under the circumstances shown by the record, the State's evidence was not sufficient to prove beyond a reasonable doubt that on April 6, 1969 defendant drove his automobile under the influence of intoxicating liquor. We reverse the judgment. *People v. Miller*, 23 Ill.App.2d 352, 163 N.E.2d 206.

Judgment reversed.

McCORMICK and STAMOS, JJ., concur.