THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IVORY WILLIAMS, Defendant-Appellant.

(No. 55780;

First District—February 11, 1972.

Thomas P. Cernek, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur L. Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant was found guilty of driving a motor vehicle while under the influence of intoxicating liquor, in violation of Section 47 of the Uniform Act Regulating Traffic on Highways. (Ill. Rev. Stat. 1967, ch. 95½, par. 144.) The court imposed a fine of $100 and $5 costs. Defendant contends that the State failed to prove him guilty beyond a reasonable doubt.

*Testimony of Officer Walter Jones, for the State:*

He did not see the accident. The result of his investigation, a conversation with the defendant, was that the defendant was traveling eastbound on 72nd Street and struck a parked vehicle facing east on 72nd Street. The defendant admitted he was the driver of the car. Jones then stated:

"From my field observation of the defendant, I observed an odor of strong alcoholic beverages on the defendant's breath. Color of his face was normal. His attitude was cooperative. His walk was swaying. His turning was staggering. He had no abnormal behavior. Observable defects show none—and his eyes was bloodshot and he had a poor reaction to light and his clothes was orderly. Unusual actions—there was none. His balance was swaying and his speech was fair."

He then arrested the defendant and transported him to the police station.

He has been with the police department 22½ years and he has seen 2000 or more persons under the influence. His opinion is that at the date and time in question the defendant was under the influence of intoxicating beverages.

On cross-examination he stated he didn't know how the defendant normally spoke, walked or turned. The effects of alcohol on the de-

fendant were "moderate." The defendant was cooperative and polite. Th witness could not recall whether the defendant told him that he was cut off by a taxicab.

*Testimony of Ivory Williams, defendant, in his own behalf:*

He was employed by the United Airlines for five years.

Prior to the accident he was in a bar for 20 minutes and consumed one highball. He then left the bar and drove home.

Near his home a taxi pulled around the corner and was "doing about 35" driving down the middle of the street. He pulled his car to the right side of the street to avoid the taxi and struck a parked car.

He then parked his car in the nearest available space, around the corner, and walked to the Andersons' house (owner of the parked car). He met Mr. Anderson on the street and they walked back to the house together. He "felt pretty bad" and was "shook up" from the accident. In his opinion he was not under the influence of alcohol. He waited over an hour for the police to arrive at the Andersons'.

On cross-examination he stated, "I felt I was walking the way I always do."

*Testimony of (Mrs.) Serenda Anderson, for the defense:*

She sat and talked with the defendant approximately an hour and a half while waiting for the police. She stated, "Well, I didn't smell his breath—I didn't smell any alcohol on him." She sat next to him in the police car. In her opinion the defendant was not under the influence of alcohol. The defendant had told her that he had struck her car in avoiding an on coming cab.

In addition to the preceding testimony we note from Officer Jones' sworn complaint that the alleged violation took place in the dark, on a residential street with ice and snow in light traffic.

*Opinion*

Defendant's sole contention is that he was not proven guilty beyond a reasonable doubt. The only witness for the State was Officer Jones who gave the following testimony in support of his opinion that defendant was under the influence of intoxicating liquor: defendant had the odor of strong alcoholic beverages on his breath, his walking and balance were swaying, his turning was staggering, his eyes were bloodshot and had a poor reaction to light. None of the customary police tests for intoxication was given to defendant. Jones also gave favorable testimony that defendant's face color was normal, there was "no abnormal behavior," his speech was "fair," his clothes orderly, and his attitude cooperative. Mrs. Anderson, who observed defendant for an hour and a half before the police arrived and sat next to him in the

police car, testified that in her opinion defendant was not under the influence of alcohol.

In *People v. Togher*, 127 Ill.App.2d 141, 262 N.E.2d 88, we reversed a conviction for driving while under the influence of alcohol under similar facts:

"The proof here consisted of certain observations made by the arresting officer who testified that he detected a very faint odor of alcohol on defendant's breath and that defendant, while walking, swayed when turning. He testified that defendant's eyes were bloodshot, but defendant and his friend indicated that this was a natural condition. The officer also offered the favorable testimony that defendant was polite and well dressed and his speech was "fair." Defendant and his friend denied that defendant was intoxicated, and stated that defendant had complete control of his car while driving carefully at 25 miles per hour. The collision occurred only when the driver of the other car went through a stop sign."

In *Togher* we also stated, "[T]here was nothing to indicate that the officer had refreshed his recollection from any report he may have written at the time of defendant's arrest." In the case at bar the trial took place six months after the arrest and there is nothing to indicate that Officer Jones refreshed his memory. He could not recall whether defendant had told him how the incident occurred.

■■ Although the case at bar falls within our holding in *Togher*, there is an additional element not present in *Togher*—time. "The rule is well settled that in order to prove the *corpus delicti* the State has the burden of proving that the defendant drove a motor vehicle at the time and place in question and was, *at that time*, under the influence of intoxicating liquor." (Emphasis added.) (*People v. Taylor*, 110 Ill.App. 2d 81, 84, 249 N.E.2d 127, 128.) In the case at bar Jones could only testify to the defendant's condition an hour and a half after the defendant was driving. The only evidence that the defendant was intoxicated *at the time* he was driving was his own statement that he had had one highball. "The drinking of an alcoholic beverage does not of itself raise the question of intoxication. This must be proved by the evidence and testimony of witnesses." *Kitten v. Stodden*, 76 Ill.App.2d 177, 180, 221 N.E.2d 511, 513.

■■ Although the matter of credibility is essentially a question for determination by the trial court, nevertheless it is our duty to reverse when the evidence is so unsatisfactory that it does not establish the alleged violation beyond a reasonable doubt. *People v. Pellegrino*, 30 Ill.2d 331, 334, 196 N.E.2d 670, 672; *People v. De Stefano*, 23 Ill.2d 427, 431, 178

N.E.2d 393, 395; *People v. Togher*, 127 Ill.App.2d 141, 262 N.E.2d 88. ██ We find the evidence to be so unsatisfactory as to require a reversal.

The judgment is reversed.

Judgment reversed.

LORENZ, P. J., and ENGLISH, J. concur.