THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY H. HESS, Defendant-Appellant.

(No. 74-138; 

Fifth District—November 25, 1974.

Walker & Williams, of Belleville (Harry J. Sterling, of counsel), for appellant.

Douglas Marti, State's Attorney, of Greenville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by defendant, Larry Hess, from a judgment entered, on a jury verdict of guilty, by the circuit court of Bond County of the offense of driving while under the influence of intoxicating liquor, and the imposition of a sentence of 60 days at the state farm.

The defendant contends, among other things, that the State failed to prove the corpus delicti of the offense charged. We are not unmindful of the accepted fact that intoxicated drivers are the direct cause of a great number of deaths and an even greater number of injuries each year. The imposition of criminal sanctions and the revocation of the driver's licenses of those convicted of the offense are two of the means of combating this problem. Imposition of these penalties is, of course, accompanied by the requirement that the State, as in other criminal cases, prove each element of the offense and that the proof of each of these elements must be beyond a reasonable doubt. See *People v. McNutley*, 90 Ill.App.2d 465, 233 N.E.2d 229.

The defendant cites *People v. Miller*, 23 Ill.App.2d 352, 163 N.E.2d 206, for the proposition that the State must prove beyond a reasonable doubt that the defendant drove the motor vehicle at the time and place in question, and that he was then and there under the influence of intoxicating liquor. An even more emphatic statement may be found in *People v. Williams*, 3 Ill.App.3d 1036, 1039, 279 N.E.2d 735, 737, wherein the court noted that:

" 'The rule is well settled that in order to prove the *corpus delicti* the State has the burden of proving that the defendant drove a motor vehicle at the time and place in question and was, *at that time*, under the influence of intoxicating liquor.' (Emphasis added.) (*People v. Taylor*, 110 Ill.App.2d 81, 84, 249 N.E.2d 127, 128.)"

The difficulty in obtaining direct evidence of each of the elements of this offense prompted the court in *People v. Mundorf*, 97 Ill.App.2d 130, 134, 239 N.E.2d 690, 693, to recognize that:

"Direct evidence is not necessary to prove the corpus delicti. If all of the evidence establishes that a crime has been committed and that the defendant committed it, it is, of course, sufficient. If the evidence is all or largely circumstantial, it should be sufficiently compelling to produce a moral and reasonable certainty

that the crime was committed and that the defendant committed it. People v. Schulewitz, 87 Ill.App.2d 331, 336, 337, 231 N.E.2d 678 (1967); People v. Garnier, 20 Ill.App.2d 492, 494, 156 N.E.2d 613 (1959)."

However, equally important was the court's statement that;

"Where the circumstances can be explained upon a reasonable hypothesis consistent with innocence and leave serious and grave doubt of guilt, a conviction is improper. People v. Magnafichi, 9 Ill.2d 169, 173, 137 N.E.2d 256 (1956)." 97 Ill.App.2d 130, 134, 239 N.E.2d 690, 693.

Although a number of cases approach the factual situation here present, none of the cases relied upon by either of the parties, nor discovered in research, is dispositive. We will assume for the purposes of our review of the facts in the instant case that the State proved that the defendant drove the automobile to the location where it was discovered by Trooper Bryan, the arresting officer. Moreover, we will assume that the defendant was intoxicated when arrested. These two assumptions would not, *ipso facto,* be sufficient to sustain a conviction for driving while under the influence of intoxicating liquor. Absent is the third element of the offense, the nexus, proof that the defendant was intoxicated while in the act of driving.

Although we agree with the following view expressed by the court in *People v. Garnier,* 20 Ill.App.2d 492, 494, 156 N.E.2d 613, 614, "[O]bservation of the defendant in the act of driving while intoxicated is not an indispensable requirement for conviction under section 47 of the Traffic Act," and are familiar with a number of comparable cases, including *People v. Schulewitz,* 87 Ill.App.2d 331, 231 N.E.2d 678, *People v. Mundorf,* 97 Ill.App.2d 130, 239 N.E.2d 690, and *People v. Chamberlain,* 5 Ill.App.3d 235, 285 N.E.2d 784, we are unaware of any case which has sustained a conviction of the offense of driving while under the influence of intoxicating liquor on the paucity of evidence here present.

In the instant case the first witness called by the State was Trooper Bryant, the arresting officer. He testified that at approximately 7 P.M., March 31, 1973, he discovered the defendant and another individual sleeping in an automobile located in a ditch adjacent to a township road. He described the position in which he found the defendant in the following manner:

"He was sitting in the vehicle behind the driver's seat, with the upper portion of his body lying to the south, or to the passenger side of the front seat and in the seat, lying in the seat."

The officer further testified that while conveying the defendant and his

companion to the county jail both individuals joked about "an open can of beer that I found on the dashboard of their vehicle." On cross-examination the officer testified that the road adjacent to the ditch where the automobile was found was a "muddy road," comprised of gravel and oil, about 20 or 22 feet wide, he did not charge the defendant with driving while under the influence at the time of defendant's arrest for disorderly conduct bcause he did not have an impartial witness that saw the defendant driving, and that subsequently he signed an information charging defendant with driving while under the influence. The State next called Henry Ahler, a Bond County jailer, who testified regarding his observations of the defendant while in custody. Finally, the State called Karen Keaster, court reporter for Bond County, who verified that State's exhibit number 1 was a photocopy of "a couple of questions and answers" from the testimony she had transcribed in a case entitled "The People of the State of Illinois versus James M. Kimberlin and Larry Hess, 73-CM-44," taken at a hearing in mitigation and aggravation, on a disorderly conduct charge, in which the defendant was neither represented by counsel nor advised of his constitutional right against self-incrimination. Over the objection of defense counsel, State's exhibit number 1 was admitted into evidence. It read as follows,

"Q. [State's Attorney] All right. Now, on the evening in question, which was March 31, 1973, who was driving the car?

A. [Larry Hess] I was.

Q. O.K. And were you driving it when it went in the ditch?

A. Yes."

The State then rested. After the trial court denied defense counsel's motion for a directed verdict, the defense rested without proffering any evidence.

As revealed by the preceding review, there was *no evidence* presented with respect to *how long* the automobile had been in the ditch, much less *whether the defendant was intoxicated at the time he drove the automobile into the ditch.* Similarly, the circumstantial evidence presented was not sufficiently compelling to produce a moral and reasonable certainty that the defendant was intoxicated at the time he drove the automobile into the ditch. Unlike *People v. Garnier*, 20 Ill.App.2d 492, 156 N.E.2d 613, there was no evidence regarding the length of time which had transpired since the defendant was last seen imbibing at a bar. Unlike *People v. Schulewitz*, 87 Ill.App.2d 331, 231 N.E.2d 678, and *People v. Mundorf*, 97 Ill.App.2d 130, 239 N.E.2d 690, the defendant was not found along side a busy thoroughfare, from which the trier of fact might reasonably conclude that he had been where he was found for only a short period of time. Unlike *People v. Chamberlain*, 5 Ill.App.3d 235,

285 N.E.2d 784, the defendant was not found unconscious behind the steering wheel with his car in gear and with his motor running, nor was there any evidence that the defendant's lights were on, as was present in *Mundorf* and *Chamberlain.*

In fact, in the instant case the arresting officer testified that there was an open beer can on the dashboard of the vehicle in which he found the defendant and his companion sleeping. Logic would dictate that this can of beer was placed on the dashboard after the automobile was driven into the ditch and before the defendant and his companion fell asleep. The State produced no evidence which would by inference, or otherwise, establish how many, or few, beers were consumed by the defendant after the automobile was driven into the ditch. Nor can the defendant's failure to testify be employed to supply this inference. Quite probably if the defendant were to testify in an attempt to negate the inference that he was intoxicated at the time he drove the automobile into the ditch, he would have to incriminate himself of another crime, for example, illegal transportation of liquor.

■■■ Suspicious circumstances, although of probative value, cannot be substituted for proof, and suspicions or probabilities are not enough to convict. (*People v. Curran,* 6 Ill.App.3d 792, 286 N.E.2d 594.) A conviction should not be based upon the weakness of the defendant's case or, as in the instant case, upon the failure of the defendant to testify. Rather, a conviction must be based upon the ability of the State to establish beyond a reasonable doubt each element of the crime. When, as in the instant case, the State fails to introduce sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that the defendant was intoxicated while in the act of driving a motor vehicle, this court is under an obligation to set aside the jury's verdict and reverse the defendant's conviction. See *People v. Williams,* 3 Ill.App.3d 1036, 279 N.E.2d 735; *People v. Jefferson,* 1 Ill.App.3d 484, 275 N.E.2d 176; *People v. Wells,* 103 Ill.App.2d 128, 243 N.E.2d 427.

■■ Considering our conclusion that the defendant's conviction must be reversed, we need not discuss the other issues raised by the defendant in this appeal.

In accordance with the foregoing discussion we reverse the judgment of conviction entered by the circuit court of Bond County against the defendant for the offense of driving while under the influence of intoxicating liquor.

Judgment reversed.

G. MORAN, P. J., and CARTER, J., concur.