Mack Kitten, Plaintiff-Appellant, v. Albert J. Stodden, Defendant-Appellee.

Gen. No. 65–121.

Fifth District.

November 10, 1966.

Ryan and Heller, of Mattoon (Harlan Heller and Nolan K. Sims, of counsel), for appellant.

William E. Larrabee and Whitney D. Hardy, of Craig & Craig, of Mattoon, for appellee.

EBERSPACHER, J.

This suit was filed to recover damages for personal injuries suffered by Mack Kitten occasioned by the alleged negligence and wilful and wanton misconduct of the defendant, Albert J. Stodden, in driving his automobile. The jury rendered a verdict for the defendant upon which the trial court entered the judgment from which this appeal is taken.

The plaintiff appellant contends that the trial court committed four prejudicial errors as follows: (1) The court's voir dire examination was inadvertently prejudicial; (2) The court erred in the admission of certain evidence; (3) The court erred in the giving of an improper instruction; (4) The court erred in refusing a proper instruction. Plaintiff also contends that the verdict of the jury was contrary to the manifest weight of the evidence.

The facts of the case are as follows: At approximately 2:00 in the morning on August 18, 1963, at a point about five miles north of Effingham on U. S. Route 45, vehicles driven by the plaintiff and defendant collided. Before the collision, the plaintiff was driving south and the defendant was going north. The collision occurred on the north slope of the Green Creek hill while the plaintiff was going downhill and the defendant was going up the hill. There were no witnesses other than the parties, each of whom was alone in his car. The plaintiff's car continued down the hill, struck a bridge abutment and came to rest upside down off the highway in Green Creek, east of the highway. The car was demolished, and the plaintiff was thrown out of the car and seriously injured. The defendant's car continued toward the top of the hill and came to rest, west of the highway, on the shoulder. It, too, was extensively damaged. The defendant was not injured and he left the scene of the occurrence and went home. Because the plaintiff's car was knocked off the road, it was not discovered for

179

several hours. Plaintiff finally was able to crawl out of the creek and up the hill to the road. A motorist stopped and took him to the hospital almost two hours after the collision.

During the voir dire examination, the court stated in effect that there had been statements made with reference to both parties having consumed alcoholic beverages, and remarked that "two drunks are still entitled to the same law as persons who are not intoxicated." This remark was made on the voir dire examination of a Mr. Bierman who was then on the first seat of the third panel of four. Eight of the jurors had already been selected and seated. In Hickey v. Chicago Transit Authority, 52 Ill App2d 132, 201 NE2d 742, the court made the following remark regarding statements made by the trial court, "The court should be conscious of the fact that he is the dominant figure in the courtroom in any proceeding and that his inadvertent comment on the evidence or attitude of belief or disbelief can well prejudice the jury." In the instant case, the pleadings were void of any reference to either drinking or intoxication.

██ ██ In the opening statements there undoubtedly were references made to the fact that the parties had been drinking. The drinking of an alcoholic beverage does not of itself raise the question of intoxication. This must be proved by the evidence and testimony of witnesses. As the court said in Shore v. Turman, 63 Ill App2d 315, 210 NE2d 232:

> "Drinking, standing alone, cannot be equated with intoxication, nor can the use of alcoholic liquor, standing alone, characterize a person as intoxicated."

To this we would add that neither does drinking, nor evidence of drinking on one occasion, from which intoxication might reasonably be inferred, characterize a person, in either fact or law, as "a drunk."

180

Plaintiff's testimony was to the effect that in the approximate four-hour period preceding the accident while visiting with friends and dancing he had consumed beer and a small bottle of champagne; and that he was sober. Two witnesses who saw him at the last place he and his girl friend visited, and at which they each drank a small bottle of champagne, testified that they had been personally acquainted with plaintiff, observed him both at that time and place, and previously in the evening, and that when they last saw him he was sober. According to the evidence, that would have been less than an hour before the accident. His girl friend, whom plaintiff had left approximately 10 minutes before the accident, testified that he was sober. No witness testified that plaintiff was intoxicated at any time during the evening preceding the accident; all witnesses who had an opportunity to know were of the opinion that the plaintiff was sober.

Over plaintiff's objection, defendant's instruction No. 14, IPI No. 12.01 was given. It is as follows:

> "Whether or not a person involved in the occurrence was intoxicated at the time is a proper question for the jury to consider together with other facts and circumstances in evidence in determining whether or not he was contributorily negligent. Intoxication is no excuse for failure to act as a reasonably careful person would act. An intoxicated person is held to the same standard of care as a sober person."

Intoxicating beverages affect different persons in different ways and some persons would be intoxicated by the consumption of the same quantity of intoxicating beverages that the plaintiff consumed, but the consumption of a similar amount by other persons would have no effect. Thus, no court has ever turned to an arithmetic solution to this problem. Rather, the courts have

181

uniformly required the proof of facts which would tend to show intoxication, rather than the mere consumption of intoxicating beverages.

In Shore v. Turman, supra, the same instruction, as was here given, was given. There, too, the plaintiff admitted drinking but denied he was intoxicated, and his witnesses testified he was sober, while no witnesses testified he was intoxicated. There the error of this instruction's being given was coupled with the giving of IPI 150.15, defining intoxication. However, a careful reading of that case leaves no doubt in our mind that the court in that case considered the giving of IPI 12.01 as reversible error. We consider the language of the last paragraph commencing on page 322 (63 Ill App2d) and on page 235 (210 NE2d) as appropriate in this case, but due to its length do not quote it here. There was no counterclaim in this case, and even though there was also evidence of defendant's use of intoxicating liquor preceding the accident, as well as the opinion of a state trooper, that two hours after the accident defendant was intoxicated, the instruction was unmistakenly aimed solely at plaintiff. The instruction was prejudicial and the giving of it was reversible error.

Although the foregoing errors require a reversal and remandment for the benefit of a new trial, we feel compelled to rule on other errors raised by plaintiff.

Error is also assigned as to the testimony of Trooper Berry. The plaintiff introduced photographs, which were taken 8 to 10 hours after the accident, showing scratch marks on the pavement, which were in close proximity to the point of collision. Witnesses for the plaintiff testified that these marks were made by the wheel of the defendant's car. Trooper Berry was called as a rebuttal witness by the defendant. He testified that early on the morning of the accident, he examined the road by flashlight. That he did not observe any gouge

marks in the highway. When shown the photograph containing the marks, he replied he could not tell how those markings were caused or by whom. He was then asked the following question, "Do you have an opinion based upon a reasonable—based upon your experience and a reasonable degree of scientific certainty what could have caused those markings in that photograph?" Over counsel's objection, he was allowed to state he had an opinion and answered as follows, "Almost anything dragging from a vehicle or a muffler or anything of that nature dragging could cause a scratch of that nature. "Looking at this picture, I couldn't connect those things to either vehicle. Having looked at the picture and having made an investigation of the scene, I do not think I could connect it up."

In Schwartz v. Peoples Gas Light & Coke Co., 35 Ill App2d 25, 181 NE2d 826, plaintiff's case rested largely upon testimony of expert witness. Plaintiff's personal injuries were allegedly caused by defendant's negligence in repairing a gas range. The expert, although not familiar with the gas range in question was allowed to answer a hypothetical question. The trial court granted defendant's motion for a directed verdict. The Appellate Court in sustaining the trial court said:

> "The normal function of a witness is to state facts within his personal knowledge. His opinions are, in general, irrelevant. To this general rule there is an important exception making admissible the opinion of an expert. He is considered qualified to provide the often necessary function of drawing inferences from facts which the jurors would not be competent to draw. As a safeguard upon the reliability of such testimony, however, the expert witness, no matter how skilled or experienced, will not be permitted to guess or state a judgment based on mere conjecture."

183

■ Trooper Berry on cross-examination stated that the marks could have been caused by a wheel rim and stated further that if he had seen them, he could probably have drawn a conclusion of his own. In other words, since he did not see any marks on the highway when he examined the site, was guessing or basing his opinion on mere conjecture. He should not have been allowed to state his opinion as to the cause of the marks because he frankly did not know what caused them. Furthermore, his testimony that he saw no marks on the highway, was of itself, a rebuttal of plaintiff's witnesses as to marks they allegedly had seen on the highway, since he had examined the scene of the accident prior to plaintiff's witnesses.

■ Plaintiff contends that there was error in the court's refusal to give his tendered instruction No. 5, which was as follows:

"Under Count II of the complaint, it was the duty of the defendant before and at the time of the occurrence to refrain from a course of action which shows an utter indifference to or conscious disregard for the safety of others."

At the conference on instructions defendant's objection was "the defendant objects to it as not being an IPI instruction and also to the language 'utter indifference to or conscious disregard for the safety of others' as not correctly stating the law as to wilful and wanton misconduct." The court denied the instruction "simply because it's not an IPI instruction." The instruction meets the requirements of Supreme Court Rule 25–1(a) as to simplicity, brevity and being impartial and free from argument. That rule provides for the giving of non IPI instructions after the court determines that the jury should be instructed on "that particular issue," which was here, wilful and wanton misconduct. Obviously the court considered that issue to be in this case

184

when he gave IPI 14.01, defining wilful and wanton misconduct, as well as the burden of proof instruction, IPI 21.02. Although there is a duty instruction with respect to negligence, IPI 10.04, which was properly given, none appears in IPI on duty with respect to wilful and wanton misconduct. We consider the instruction to be a proper statement of the law; the first portion of it is a direct quote from IPI 10.04, and the balance from IPI 14.01, which defines wilful and wanton misconduct. We do not consider that it singles out a particular phase of the case any more than does IPI 10.04, or that it is repetitious of IPI 14.01 or IPI 21.02. We believe it should have been given.

■ ■ With reference to plaintiff's contention that the verdict is contrary to the manifest weight of the evidence; a review of the record convinces us that there is sufficient evidence favorable to each of the parties that reasonable men might differ on the inferences to be drawn and the conclusions reached. A verdict will not be set aside merely because the jury could have found differently or because judges feel that other conclusions would be more reasonable. We consider the language of Bibby v. Meyer, 60 Ill App2d 156, 161, 162, 208 NE2d 367, 369–370, to be applicable.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

GOLDENHERSH and MORAN, JJ., concur.