ALAN BURGSTAHLER, A MINOR, BY ROGER
BURGSTAHLER, HIS PARENT AND NATURAL GUARDIAN,
AND ANOTHER v. JO PAT WARDALL FOX.

186 N. W. (2d) 182.

April 2, 1971—No. 42379.

*Hagglund & Johnson* and *Clarance E. Hagglund,* for appellant.
*Hvass, Weisman, King & Allen, Charles T. Hvass,* and *John B. Keefe,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

This action arises out of a collision in Richfield, Minnesota, on April 9, 1968, between a motorcycle operated by plaintiff Alan Burgstahler and an automobile driven by defendant, Jo Pat Wardall Fox. The jury found Mrs. Fox negligent and Alan free from negligence and awarded him damages in the sum of $45,568. His father, plaintiff Roger Burgstahler, was awarded $1,546 for medical expenses. On appeal, no issue is raised concerning liability. Only the question of damages is before us.

1. Defendant complains of the trial court's ruling which limited her right to cross-examine Alan on the subject of whether or not he was wearing a safety helmet. On appeal she cites for the first time a Richfield ordinance requiring motorcycle operators to wear helmets while

operating rented machines. We think the matter of headgear was properly excluded. At the time of this accident, Minn. St. 169.974, subd. 4, requiring the use of safety helmets, had not become effective.[1] As to the Richfield ordinance, clearly it had no application to a motorcycle which was not leased.

We hold that this question is governed by the rule adopted in Rogers v. Frush, 257 Md. 233, 239, 262 A. (2d) 549, 552, where the Court of Appeals of Maryland held:

"* * * The fact that the General Assembly almost three years after the accident saw fit to require the wearing of such a protective helmet would not be sufficient ground for concluding that as of the time of the accident such a standard of conduct was expected by the general public * * *."

2. Defendant argues that there was a breach of an oral stipulation in which the attorneys agreed to make no reference to the fact that plaintiff's passenger was killed in the accident. At the time of the stipulation, plaintiff's attorney pointed out the difficulty of enforcing the agreement with respect to witnesses. Although counsel adhered to it a police officer referred to the passenger as a "victim," and two of the doctors stated they had informed plaintiff of his friend's death. We find no impropriety in this testimony. All of it was germane to the accident, and there is no evidence the disclosures were deliberate. Furthermore, it is doubtful whether mention of the death of plaintiff's passenger had any appreciable impact on the jury. In any event, it was almost inevitable that this fact would be revealed to the jury at some point during the trial.

3. Defendant contends that plaintiff's counsel improperly indulged in the so-called "golden rule" argument, Colgan v. Raymond, 275 Minn. 219, 146 N. W. (2d) 530, when he made the following statement to the jury:

"I am going to leave that up to *you*, members of the jury. As I said, it's going to depend upon what *you* feel—what's it worth to sit down to a good meal? Each time *you* sit down and enjoy it, what's it worth? * * *

* * * * *

---

[1] Minn. St. 169.974, subd. 4(a), provides: "When operating a motorcycle on the streets and highways of this state, the operator and passenger, if any, shall wear protective headgear that complies with standards established by the commissioner."

"Well, members of the jury, that is going to be up to *you* to decide. *You* are going to set the community standard on what you feel that 90-percent loss of two of the important senses of the body are worth." (Italics added by defendant.)

No objection or corrective charge was requested at the time of the argument except as to "community standard." While we agree the argument comes perilously close to asking the jury to put itself in plaintiff's position, we cannot say that the invitation was so manifestly prejudicial as to justify a mistrial.

4. Finally, defendant objects to plaintiff's appeal to the jury for damages resulting from a loss of taste since only injury to the olfactory nerves was proved. There is no merit in this contention since there was medical testimony that plaintiff suffered a loss of both taste and smell.

Affirmed.