Emmett J. Schnepp, J.
This is a motion by the defendants and third-party plaintiffs for an order directing infant plaintiff James Earl Dean to appear for examination pursuant to CPLB 3101 et seq. to answer questions as to whether or not he was wearing a protective helmet at the time of the accident and whether or not he had been instructed to wear-a helmet by his parents. He was injured in an accident, which occurred while operating a minibike.
A minibike- comes within the definition of a motorcycle under section 123- of the Vehicle and Traffic Law. The operator of a vehicle of this type is required to wear a protective helmet (Vehicle and Traffic Law, § 381, subd. 6).
A party violating a statute of this character is chargeable with negligence for its violation provided there is a causal relation between the failure to wear a helmet and the happening of an accident. The court is unable to perceive how a violation of this statute caused or contributed to the causing of this accident, or was a proximate cause of the collision..
The omission, however, to wear a helmet may be a proximate cause of an injury if it is found to be a substantial factor in bringing about the injury. The jury may not speculate and apportion damages, unless expert or other testimony were presented from which it can properly infer that some or all of the injuries to infant plaintiff would not have occurred had the helmet been worn. It may then find that he' cannot recover for such injuries, under the standard of care expected of a reasonably prudent child of infant plaintiff’s age, experience, intelligence and development with the mental capacity to understand the meaning of the statute and to comply with it. These rules would also apply to the derivative action of the parent. The *519 proof at the trial may be within these standards and accordingly the omission to wear a helmet may be relevant and material cm the issue of injuries and damages.
On the question of the parent’s instructions to the infant plaintiff, if upon the trial sufficient facts are shown to raise an issue of fact as to whether the parent acted reasonably in his care and supervisión of the infant prior to the accident, contributory negligence on his part may bar a derivative recovery by him (Juszczak v. City of New York, 32 A D 2d 824). As pointed out above there is no causal relation between the accident and the wearing or nonwearing of a helmet at time of accident and any questions relative to the instructions of the parents to the child have no bearing on the happening of the accident. But, the parent may not recover for damages based on loss of services or medical expenses where his negligence contributes to the injuries resulting from an accident. It would therefore follow that the question of his negligence may be relevant only on the element of damages for loss of services or medical expenses as related to the injuries suffered by the infant, provided competent testimony is submitted sufficient to raise an issue of fact as to whether some or all of his injuries would have occurred had a helmet been worn. On this limited issue only the conduct of the parents may be a proper element for consideration and their instructions to the infant material. The infant plaintiff is directed, if he is found to have testimonial capacity and memory, to answer the questions relative to his wearing a protective helmet at the time of the accident, and to the instructions by his parents tó wear a helmet at the time of the accident.
Infant plaintiff is 14 years of age and it is claimed that he sustained severe head injuries and brain damage causing a loss of memory, among other things. Defendants raise no objection to a Justice of this court determining his testimonial capacity prior to such questioning. Accordingly, it is directed that on a date and hour to be specified by the defendants and upon 10 days’ written notice to the plaintiffs or as such other time the parties may mutually agree in writing, and providing that, if the Justice presiding at Part I of this court at a term held in and for the County of Monroe shall determine by a preliminary examination that the infant has sufficient capacity and is competent to testify, the infant shall be examined with respect to the matters herein specified.