Rosemary Stuart, Admr. of the Estate of Barbara Jean Stuart, Deceased, Plaintiff-Appellant, *v.* Warren E. Rahn, a Minor, Defendant-Appellee.

(No. 12220; ▆▆▆▆▆▆▆▆▆

Fourth District—January 8, 1974.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Nichols, Jones, McCown & Lincoln, of Tuscola (Harrison J. McCown, of counsel), for appellant.

Massey, Anderson & Gibson, of Paris (Earl R. Anderson, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This case involves a wrongful death action arising from a head-on collision between two automobiles. The case was tried to a jury which returned a verdict in favor of the defendant. The trial court entered judgment on the verdict, and this appeal ensued.

Only two issues are presented for review and are stated in the appellant's brief as follows:

(1) Whether the trial court should have allowed plaintiff's motion for mistrial and (2) whether evidence of the disability of decedent's father was admissible to prove the dependency of decedent's minor brother.

The accident in question occurred on Illinois State Route 130, a two-lane concrete highway running in a north-south direction. The two vehicles involved in the collision met head on in the southbound lane, and the evidence is conflicting as to which direction each was traveling immediately prior to and at the time of the collision. One of the cars was being driven by plaintiff's intestate, Barbara Jean Stuart. With her was a passenger, Kathy Jo Hidelbaugh, both of whom were killed in the collision. The other car was driven by the defendant Warren E. Rahn who was alone. The decedent's mother testified that Barbara Jean, had told her on the evening in question, that she and Kathy Jo intended to drive from Tuscola, Illinois, where Barbara resided with her family, to

Villa Grove to see what movie was playing, and would attend the movie provided they liked the billing. Barbara had also said that if they did not attend the movie they intended to return to Tuscola and attend a dance. It was plaintiff's contention that the girls had gone to Villa Grove, and, at the time of the collision were returning (southbound on Route 130) to Tuscola to attend the dance and that consequently they were struck head on in their lane of traffic.

It was defendant's theory that the two girls never intended to attend a movie in Villa Grove but rather intended to stop there to pick up a friend, Danny Crawford and proceed on north from Villa Grove to Champaign to attend a party and that this tended to prove that the girls were northbound at the time of the accident and were thus in their passing lane when the collision occurred.

Danny Crawford, called as a witness for the defendant, testified as follows: He lived in Villa Grove. He knew Barbara Stuart and Kathy Hidelbaugh. On the evening preceding the accident Barbara said that she and Kathy were going to a party on the following evening and asked Crawford if he would like to go along. He agreed and it was arranged that they would pick him up the following evening (the date of the accident between 7:00 and 8:00 P.M.) at his place of work and proceed on to Champaign to attend the party. He testified that he waited. Crawford further testified that he did in fact wait for the girls until about 9 o'clock and then heard about the accident. During the course of Crawford's direct examination the following appears in the record:

"Q. And when you left, had there been any further conversation with regard to this date on Saturday night?

A. No. Well, there was, but it was just talking about the party itself.

Q. Well, what else was said about the party?

Mr. McCown: We object, your Honor. We don't feel it is material at all.

The Court: Well, this is a conversation with the deceased. He may answer.

Q. What did Barbara Jean Stuart say further about the party?

Mr. McCown: If anything?

Q. If anything?

A. Well, she said it would be a pretty wild party.

Mr. McCown: Now we will object, if the Court please, and move that the answer be stricken, and the jury instructed to disregard it, and we also move that the Court withdraw a juror and declare a mistrial.

The Court: The jury will be instructed to disregard the last answer, and the answer is ordered stricken, and the motion for mistrial is denied."

Plaintiff contends that the answer "Well, she said it would be a pretty wild party" was so prejudicial that it rendered a fair trial impossible. He urges that "The implications of such testimony are myriad. Among other things, it could suggest that the decedent was less than moral, that she drank to excess, or taking into account the vernacular of youth today, that she was a user of drugs. The jury could also infer that if she attended wild parties that she drove an automobile in a like manner." This argument is speculative. The trial judge promptly struck the answer in question and instructed the jury to disregard it. No further reference was made to the subject either in testimony or in argument to the jury. Plaintiff does not contend that the verdict is contrary to the manifest weight of the evidence. The matter of declaring a mistrial rests in the sound discretion of the trial judge and unless there is clear abuse of that discretion his judgment will not be disturbed on review. (*Fitzsimons v. National Tea Co.*, 29 Ill.App.2d 306, 173 N.E.2d 534.) We find no abuse of discretion in the trial judge's refusal to declare a mistrial, and the judgment is therefore affirmed. This holding is dispositive and obviates the need to consider the second issue raised by appellant.

Judgment affirmed.

CRAVEN, P. J., and KUNCE, J., concur.