THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SHACKLES, Defendant-Appellant.

Fourth District   No. 12746

Opinion filed January 6, 1977.—Rehearing denied February 4, 1977.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul L. Stone, State's Attorney, of Sullivan (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction of involuntary manslaughter (Ill. Rev. Stat. 1971, ch. 38, par. 9—3(a)), upon a jury verdict and a sentence of one to three years.

A single count indictment charged that defendant caused the death of Roscoe Kercheval by driving his automobile in a reckless manner into the lane of traffic of decedent's oncoming car so that the vehicles collided.

The prosecution presented no eyewitness testimony concerning the collision but did introduce extensive evidence with regard to the position of the vehicles following the collision, tire and skid marks of the respective vehicles and gouges in the paved surface purporting to show the circumstances of the collision.

One issue presented requires reversal and remand for a new trial. The trial court gave the following instruction over defendant's objection that there was no evidence to support it:

> "There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that: No person who is under the influence of intoxicating liquor may drive any vehicle within this state. If you decide that the defendant violated the statute on the occasion in question, then you may consider that fact together with all other facts and circumstances in evidence in determining whether or not the defendant was reckless before and at the time of the occurrence."

There was no charge that the defendant was driving while intoxicated or under the influence of intoxicating liquor. There is no testimony that defendant was intoxicated.

Hess, a deputy sheriff, smelled alcoholic liquor when he examined the physical injuries of defendant who was pinned in his car. The witnesses, Roberts, Stewart and Gregory, saw drinks served at a table where defendant sat with others in a tavern several hours prior to the collision, but did not see him drink. Janet Stewart danced with defendant several

times and believed that he had some drink but did not observe any suggestion of intoxication. A witness, Crist, talked with defendant at his table but saw no condition suggesting defendant's intoxication in speech or in walk, and the witness expressed the opinion that defendant was not intoxicated.

The prosecution urges that the instruction was proper upon the authority of *People v. Gray* (1972), 7 Ill. App. 3d 526, 288 N.E.2d 26. In that case, the defendant conceded that there was evidence of intoxication and the opinion speaks of "ample evidence" of that fact.

■■■ The testimony of Hess that he smelled alcohol on the breath of the defendant, standing alone, is not sufficient proof of intoxication. (*People v. Clark* (1970), 123 Ill. App. 2d 41, 259 N.E.2d 636; *People v. Winfield* (1973), 15 Ill. App. 3d 688, 304 N.E.2d 693.) Testimony concerning drinking, standing alone, cannot be equated with intoxication nor can the use of alcoholic liquor, standing alone, characterize a person as intoxicated. (*Shore v. Turman* (1965), 63 Ill. App. 2d 315, 210 N.E.2d 232; *Kitten v. Stodden* (1966), 76 Ill. App. 2d 177, 221 N.E.2d 511; *People v. Williams* (1972), 3 Ill. App. 3d 1036, 279 N.E.2d 735.) Proof of intoxication requires more than evidence that the defendant consumed some alcohol. (*Weiner v. Trasatti* (1974), 19 Ill. App. 3d 240, 311 N.E.2d 313.) An issue of intoxication must be proven by the evidence or by the testimony of witnesses. (*Kitten, Williams*.) Upon this record there is no evidence of intoxication for the consideration of the jury. *People v. Chambers* (1972), 8 Ill. App. 3d 430, 289 N.E.2d 476.

■■ It is error to submit an instruction to the jury where there is no evidence to support the giving of the instruction. In *People v. Banks* (1962), 26 Ill. 2d 259, 262, 186 N.E.2d 338, 340, the court said:

> "It is the danger that the jury may be misled into believing that in the opinion of the court the evidence would support a finding that the facts exist upon which the proposition of law is based."

(See also *People v. Clark* (1975), 32 Ill. App. 3d 926, 337 N.E.2d 291; *People v. Kurzydlo* (1974), 23 Ill. App. 3d 791, 320 N.E.2d 80.) The instruction is particularly prejudicial in the context of the evidence where there is no eyewitness testimony as to defendant's manner of driving and we hold the giving of the instruction to be reversible error.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed.

Reversed and remanded.

CRAVEN, P. J., and GREEN, J., concur.