BARBARA BENUSKA, Plaintiff-Appellee, *v.* TIMOTHY L. DAHL *et al.*,
Defendants-Appellants.

Second District    No. 79-185

Opinion filed August 22, 1980.—Rehearing denied September 25, 1980.

Frederick W. Temple, of Evanston, Hubbard, Hubbard, O'Brien & Hall, and Stephen R. Swofford and Thomas A. Brabec, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, both of Chicago, for appellants.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Barbara Benuska, filed suit in the Circuit Court of Du Page County to recover money damages for personal injuries she sustained when the automobile driven by defendant Timothy L. Dahl collided with the auto operated by defendant Janice Carol Jones, in which plaintiff was riding as a passenger. A trial was thereafter held, with the jury rendering a verdict in favor of plaintiff and against both defendants in the amount of $100,000. The circuit court thereupon entered judgment upon the verdict, and defendants have appealed.

For the reasons stated herein, we reverse the judgment entered below and remand for a new trial.

The facts pertinent to the issues decided on this appeal are as follows. On the evening of March 25, 1977, Janice Carol Jones was driving her girlfriend, Barbara Benuska, to the home of a relative to spend the remainder of the holiday weekend. They had spent the earlier part of the evening at the home of Christy Glantz, a friend of Jones, where they had dinner and visited from about 7 p.m. to about 11:15 p.m. At about 11:30 p.m., Jones was driving westbound on Illinois street, approaching the intersection of Illinois and Lake streets, in Aurora, Illinois. As she proceeded through the intersection, her car was struck on the left side by an auto driven by defendant Timothy L. Dahl. Plaintiff was riding in the front seat on the passenger side and sustained various injuries to the neck and vertebrae in the collision.

Plaintiff filed suit against Jones and Dahl, alleging negligence in the operation of their respective motor vehicles. In addition, plaintiff alleged in her complaint that Jones was intoxicated at the time of the occurrence. Defendant filed a motion in limine prior to trial, to preclude plaintiff from introducing any evidence of drinking or intoxication in the course of trial. The motion was heard and granted by the trial court, which ruled that there was not sufficient evidence of intoxication to present to the jury. The cause then proceeded to trial.

After plaintiff and at least one of the defendants had presented its case-in-chief, the trial court announced that, on its own motion, it had reconsidered its ruling on the motion in limine and had concluded that there was sufficient evidence of intoxication to present to the jury. Over the objection of all parties and over defendant Jones' motion for mistrial in particular, the trial court permitted the plaintiff to reopen her case to present evidence of Jones' intoxication. Plaintiff then offered her opinion

that Jones was intoxicated at the time of the accident, and other opinion evidence pertinent to the issue was presented. The issues thus joined were submitted to the jury for its consideration, which rendered a verdict against both defendants and assessed damages in the amount of $100,000. Each defendant has appealed, raising different issues, which we will consider separately.

■■ Defendant Jones argues, *inter alia*, that the trial court erred in denying her motion for mistrial upon the reversal of its prior ruling on the motion in limine. It is settled law that a decision whether or not to grant a mistrial rests within the sound discretion of the trial court based upon the particular circumstances of the case. (*Sesemann v. Ellington* (1977), 51 Ill. App. 3d 790, 367 N.E.2d 219.) A mistrial should be declared only as the result of some occurrence of such character and magnitude that a party is deprived of its right to a fair trial. (*Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 327.) The moving party must demonstrate actual prejudice as a result of the ruling or occurrence. (*Williams v. Board of Education* (1977), 52 Ill. App. 3d 328, 367 N.E.2d 549.) Finally, the trial court's ruling on a motion for mistrial will not be disturbed upon appellate review absent a clear abuse of discretion. *Stuart v. Rahn* (1974), 16 Ill. App. 3d 315, 306 N.E.2d 66.

■■■ Guided by the strict standards of review noted above, we conclude that the trial court erred in denying defendant Jones' motion for mistrial. It is apparent that the reopening of the plaintiff's case in midtrial to present evidence of intoxication deprived Jones of a fair opportunity to contest the charge of intoxication. First, Jones did not have the opportunity to question prospective jurors on *voir dire* examination about their attitudes on the issue of intoxication. Litigants are granted the right to examine prospective jurors on *voir dire* to enable them to select a jury composed of men and women who are qualified and competent to determine the facts in issue without bias, prejudice, or partiality. (See *Murphy v. Lindahl* (1960), 24 Ill. App. 2d 461, 470, 165 N.E.2d 340, 345.) The question of the sobriety or intoxication of a defendant is a sensitive issue, and the defendant in this case had a right to examine prospective jurors to discover any relevant prejudice. By reopening the proofs in midtrial after reversing a ruling on the motion in limine, the trial court denied the defendant this right. Similarly, defendant was deprived of the opportunity to address the jury on this same question in her opening statement, which also was prejudicial. Finally, it was clearly prejudicial for the evidence pertaining to intoxication to be introduced all at once near the end of trial and out of the normal order of proofs. This served only to overemphasize the evidence of intoxication and merely exacerbated the prejudice resulting to defendant Jones. We therefore hold that the trial court erred in denying defendant's motion for mistrial.

■■ We now consider the issues raised by defendant Dahl on this appeal. Defendant Dahl argues that, in both cross-examination and in closing argument, counsel for defendant Jones committed reversible error by suggesting that occupants of the Dahl vehicle were drinking. It is well established that the subject of drinking may not be raised or examined by a party unless that party can prove actual intoxication. (*Coleman v. Williams* (1976), 42 Ill. App. 3d 612, 356 N.E.2d 394; *Kitten v. Stodden* (1966), 76 Ill. App. 2d 177, 221 N.E.2d 511.) Insinuations or innuendos of intoxication based upon evidence of drinking are impermissible where there is no evidence of intoxication. (*McWethy v. Lee* (1971), 1 Ill. App. 3d 80, 272 N.E.2d 663; *Coleman v. Williams.*) However, the irrelevant evidence of drinking is grounds for reversal only if it results in prejudicing the jury's verdict. *Gilberto v. Nordtvedt* (1971), 1 Ill. App. 3d 677, 274 N.E.2d 139.

A review of the trial proceedings indicates that plaintiff testified that Jones carried a can of beer out of her girlfriend's house and threw it out of the car after the accident had occurred. Jones denied that she had a can of beer in the car or that she threw it out of the car when the accident happened. Counsel for Jones was permitted by the trial court to inquire whether the can of beer was thrown from the Dahl car, which Dahl and his passengers denied. One of the passengers, however, testified that there was beer in the car, and this testimony was referred to by counsel for Jones in closing argument.

■■ Although counsel for Jones clearly intended to impeach plaintiff's testimony by suggesting that a passenger of the Dahl car actually threw out the can of beer, such questioning and argument also tended to suggest that Dahl may have been drinking at the time of the occurrence. We believe this is prejudicial to Dahl and constitutes reversible error. *Coleman; McWethy.*

The parties have also briefed and argued several other issues which we need not address at this time. Whether they ever will require decision by this court depends upon the action taken upon remand, and "* * * issues that may thereafter arise are not now presented for decision." *Stojanoff v. Department of Registration and Education* (1980), 79 Ill. 2d 394, 400, 403 N.E.2d 255, 258.

For the reasons stated above, the judgment of the Circuit Court of Du Page County is reversed, and the cause is remanded for a new trial in conformity with the views expressed in this opinion.

Reversed and remanded.

NASH and VAN DEUSEN, JJ., concur.