THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES W. COOKSON, Defendant-Appellant.

Fourth District   No. 17453

Opinion filed August 26, 1982.

Daniel D. Yuhas and Gary S. Rapaport, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant, Charles W. Cookson, was charged in the circuit court of Sangamon County with the offense of armed robbery in violation of section 18—2(a) of the Criminal Code of 1961. (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a).) He was tried to a jury and convicted and following a sentencing hearing, he was sentenced to 6 years' imprisonment.

Defendant's sole contention on appeal is that the trial court erred in giving a jury instruction consistent with Illinois Pattern Jury Instructions, Criminal, No. 13.21 (2d ed. 1981) (IPI Criminal). We do not agree.

At defendant's trial it was determined that his brother had, while armed with a pistol, robbed a Huck's Convenience Store in Springfield, Illinois. The robbery was witnessed by a police officer and a customer of Huck's. Defendant's brother ran to defendant's car, jumped in, and defendant then attempted to elude the off-duty police officer who was following in his pickup truck. Defendant and his brother were stopped and arrested. A large amount of money was found in defendant's back pocket.

Defendant, in a statement to the police which was presented in pertinent part to the jury, said that he did not know that his brother was going to rob the store, and that his first knowledge came when his brother jumped into the car and tossed a wad of money onto the front seat. The testimony was inconclusive as to the amount of money actually taken from the convenience store. However, there was no question that an amount similar to that found on defendant was taken. The denominations of the money were determined to include ones, fives, and $10 bills, but no $20 bills. The money taken from defendant matched these denominations.

The hat and sunglasses which defendant's brother had worn during the robbery, as well as the handgun, were removed from defendant's car upon his arrest.

Defendant presented no evidence and the State tendered a jury instruction to which the defense objected. Nevertheless, the trial

court gave the instruction over defendant's objection. The instruction given was as follows:

"If you find that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by armed robbery. However, you are not required to draw that inference."

The instruction is taken from the 1968 edition of IPI Criminal, and modified. Apparently the second edition of IPI Criminal (1981) was not available at the time of trial.

Defense counsel's objection to the instruction was that there was no evidence that the money taken from defendant was in fact stolen, and therefore no evidence to support giving the instruction. The court noted that defendant had been in possession of the money. The court also noted that while no one from the convenience store had testified to the exact amount, the court believed that the instruction could be given because it did not require the jury to draw the inference.

Defendant again complained of the instruction in his motion for a new trial. During argument on the post-trial motion the court noted that he had suggested not giving that instruction. However, a review of the discussion revolving around it at the instruction conference reveals that the trial judge made no such suggestion. The court noted, at the hearing on the post-trial motion, that the instruction he had given was not published in the official pattern instruction text (1968 ed.); however, he gave the last sentence of the instruction in order to comply with *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, *cert. denied* (1981), 454 U.S. 845, 70 L. Ed. 2d 131, 102 S. Ct. 161.

The court also noted that the situation in the instant case was different from one in which the exact serial numbers on the bills could be correlated to the ones found in defendant's pocket. However, the court found there was sufficient corroborating evidence in the instant case in that defendant's brother robbed the store; jumped into his car; defendant attempted to elude the police; the weapon was found in defendant's car; and the money found in his pocket. We note also that defendant's own statement was corroborative of this.

At the time of defendant's trial Illinois Pattern Jury Instructions, Criminal (1968) was used. IPI Criminal No. 13.21 (1968) at that time provided as follows:

"If you find that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by [here insert name of crime

charged]."

In an effort to satisfy the requirements of *Housby*, the trial court instructed the jury that they were not required to draw the inference of IPI Criminal No. 13.21 (1968).

IPI Criminal No. 13.21 (2d ed. 1981) has been substantially modified to comply with *Housby*. The current version of the instruction reads as follows:

"If you find beyond a reasonable doubt that the defendant had exclusive possession of recently stolen property, and that there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by

_____.

You never are required to make this inference. It is for the jury to determine whether the inference should be drawn.

Exclusive possession of recently stolen property may be reasonably explained by the facts and circumstances in evidence."

The committee note to IPI Criminal No. 13.21 (2d ed. 1981) states that the committee recommends that the instruction not be given. The committee believed that particular types of evidence should not be singled out by the instruction, rather they should be left to the argument of counsel. The note indicates that *Housby* delineates the appropriate time to give this instruction and that the trial judge should first determine as a matter of law whether the jury could find recent and exclusive possession. IPI Criminal No. 13.21, Committee Note (2d ed. 1981).

*Housby* requires that a conviction not be based on exclusive, unexplained possession of recently stolen goods alone. In order to satisfy due process there must be corroborative evidence. The court in the instant case determined that sufficient corroborative evidence had been introduced.

In *Housby* the court also noted that no single instruction is to be judged in artificial isolation. Rather, each instruction must be viewed in the context of the entire charge. There the court noted that Housby's jury was given, in addition to No. 13.21, several other instructions including one which told the jurors they were not to single out any particular instruction. Additional instructions told the jurors of the elements of the offense and what would require acquittal.

In the instant case the charge included IPI Criminal (1968) Nos. 1.10 and 2.03; No. 14.01, which states the elements of the crime of armed robbery; No. 14.02, which states that if any of the propositions satisfying the elements is not proved beyond a reasonable doubt, then the defendant should be found not guilty; and most importantly, No.

3.02 on circumstantial evidence. In the context of the entire charge the giving of No. 13.21, in the instant case, comports with *Housby*, especially since the same instructions were given in that case.

■ Defendant urges, however, that the evidence was insufficient to show that the property discovered in defendant's possession was stolen. If such were the case, *Housby* would not be satisfied as the inference of guilt must flow from the proved fact of unexplained possession of recently stolen goods.

It is correct, as defendant states, that it is error to submit an instruction to the jury where there is no evidence to support the giving of the instruction. (*People v. Shackles* (1977), 44 Ill. App. 3d 1024, 358 N.E.2d 1329.) The danger in giving such an instruction is that the jury may be misled into believing that it is the court's opinion that the evidence would support a finding that the facts exist upon which the proposition of law is based. (*Shackles.*) However, both the People and the defendant are entitled to appropriate instructions which present their theories of the case to the jury if, and when, such theories are supported by the evidence. (*People v. Unger* (1977), 66 Ill. 2d 333, 362 N.E.2d 319.) Very slight evidence on a given theory in a case will justify the giving of an instruction on that theory in a criminal prosecution. *People v. Strong* (1979), 79 Ill. App. 3d 17, 398 N.E.2d 216.

In view of the committee's recommendation, we do not determine whether slight evidence on a given theory in any case will justify the giving of IPI Criminal No. 13.21 (2d ed. 1981). We determine that the evidence in the case at bar was sufficient to support the instruction as given.

■ In the instant case the question is whether the money found in defendant's possession, taken together with the other facts of the case, constitutes sufficient evidence to warrant the giving of the instruction. The value of the property taken is immaterial, and it need not be precisely identified when the character of the property is such that exact identification is difficult. This is particularly true of money which in most instances cannot be positively identified. (*People v. Lagios* (1964), 51 Ill. App. 2d 440, 201 N.E.2d 245.) The value of the property taken is not an element of the crime of armed robbery. (*People v. Smith* (1966), 66 Ill. App. 2d 257, 213 N.E.2d 135.) Minor variations in the amount and denominations of stolen money are not sufficient to raise a reasonable doubt. *Lagios.*

■ In the instant case we hold that it was not necessary that the currency taken from the defendant be shown to be the exact currency taken in the robbery. This would require an impossible task on the part of the prosecution since money is generally undistinguishable. In

light of the foregoing cases, the evidence was sufficient to determine whether the money found in the defendant's possession had been recently stolen. Therefore, on that basis the giving of the instruction cannot be condemned.

Defendant also urges that the use of IPI Criminal No. 13.21, apparently in either version, has been discouraged even in cases where property was clearly stolen. However, his reliance on *People v. Killings* (1982), 103 Ill. App. 3d 1074, 431 N.E.2d 1387, is misplaced.

In *Killings* the instruction given was similar to IPI Criminal No. 13.21 (1968). We held that, in light of *Housby* and the committee note to IPI Criminal No. 13.21 (2d ed. 1981), absent a history of instructing on the inference such an instruction was disapproved for future use. Our holding there cannot be relied upon to attack the use of IPI Criminal No. 13.21 (2d ed. 1981) under appropriate circumstances, since we did not consider it in *Killings*.

We agree with the committee that *Housby* sets forth the bases for using the instruction in its revised form. Where *Housby* has been satisfied and the record reveals sufficient evidence for a determination, as a matter of law, that the jury could find recent and exclusive possession, IPI Criminal No. 13.21 (2d ed. 1981) may be given.

In the case at bar the evidence was sufficient to support a finding of recent and exclusive possession, *Housby* was satisfied, and the trial judge was aware of the requirements of *Housby*, as is implicit in his revision of the 1968 version of the instruction. The use of IPI Criminal No. 13.21 (2d ed. 1981) would have been proper; the instruction given was not error.

Defendant cites numerous cases contending that in those cases where courts of review have sustained the use of the instruction the property in question was conceded to be stolen property or else the proof that it was stolen was unassailable. We have reviewed those cases and do not agree that that is a prerequisite to the giving of the instruction. *Housby* established the bases for the giving of the instruction, and we determine that *Housby* has been satisfied in the instant case.

In the case at bar it was proper to give the instruction. The fact that the clerk could not identify the specific bills as those stolen in the robbery does not support reversal. There was sufficient circumstantial evidence to infer that the money in defendant's possession was stolen. His own statement was that he had given his brother money to buy something at Huck's, his statement also linked the currency found in his possession to the robbery, his brother admittedly robbed the store, and the denominations and amount were similar to

that testified to by store employees.

Therefore we determine that the evidence was sufficiently corroborative to support the giving of the instruction. Moreover, in the context of the entire charge we find that the instruction was not improper.

For the foregoing reasons the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.