PETER D. WAGNER, Plaintiff-Appellant, v. JAMES A. ZBONCAK, Defendant-Appellee.

Second District No. 82—221

Opinion filed December 14, 1982.

Walter M. Ketchum and Patrick S. Moore, both of Chicago, for appellant.

Victor J. Piekarski, James S. Jendryk, and Glen E. Amundsen, all of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Peter D. Wagner, appeals from a judgment of the circuit court, entered upon a jury verdict, finding for defendant, James A. Zboncak, in this negligence action arising out of an automobile accident. He contends that the trial court erred in refusing to declare a mistrial; in giving and refusing to give certain jury instruction; in admitting evidence, and, that the verdict was contrary to the manifest weight of the evidence. We reverse and remand.

At about 8 p.m. on August 28, 1979, plaintiff was driving his Jeep east on Odgen Avenue in Lisle approaching Yackley Road. Defendant was driving his van west on Odgen intending to turn left onto southbound Yackley. After defendant reached the intersection he waited for three or four vehicles to pass and then proceeded to turn left. While crossing the eastbound lanes of Odgen, he observed plaintiff's Jeep coming towards him through the green light, about one second from impact. He accelerated, but could not clear Odgen in time and the right front of plaintiff's Jeep impacted the right rear of the van. The Jeep rolled onto its side and came to rest on plaintiff's left foot and ankle, injuring him. Defendant subsequently pled guilty to a citation for failure to yield the right of way.

Prior to trial the court granted plaintiff's motion *in limine* which, *inter alia*, prohibited defendant from introducing any evidence of consumption of alcohol by plaintiff prior to the accident as there was no evidence of his intoxication. In trial plaintiff called defendant as his first witness and inquired what defendant had said to the investigation officer at the scene. When asked the same question previously at a deposition, defendant had responded he did not recall. Before the jury, however, he responded that the scene smelled like a brewery; that there were beer bottles all over the place, thrown in an adjacent lot; and, that there were no skid marks from plaintiff's Jeep. At the close of defendant's testimony, out of the jury's presence, plaintiff moved for a mistrial on the grounds defendant's response was in violation of the order *in limine*. The trial court denied the motion.

Expert opinion testimony was offered by defendant that the failure of plaintiff to use a seat belt and the absence of the removable canvas door on the driver's side of plaintiff's vehicle had contributed to causing plaintiff's ejection from it and his injury. Plaintiff's motion to strike the evidence relating to the absence of the canvas door was denied by the trial court.

In view of the ruling of the court admitting the opinion testimony, plaintiff offered an instruction, applicable both to the seat belt and to the lack of a door, limiting consideration of that evidence to damages only and not as to liability. Defendant's counsel advised the court the jury could properly also consider the evidence as to proximate cause, and plaintiff's instruction was refused. Plaintiff also objected to defendant's tendered instruction as to speed on the grounds there was no credible evidence plaintiff was speeding. The instruction was given.

While deliberating, the jury requested clarification of the issue of proximate cause and its relation to contributory negligence and were

referred by the court to the instructions relating to proximate cause. The jury thereafter returned a general verdict for defendant upon which judgment was entered. This appeal followed.

■ Plaintiff initially contends the trial court erred in denying his motion for a mistrial when the defendant testified the accident scene smelled like a brewery and implied that occupants in the Jeep had attempted to conceal beer bottles in an adjacent vacant lot. He argues this was a direct, intentional violation of the order *in limine* and prejudicial. Defendant argues this issue has been waived by lack of objection at the time of the answer, but plaintiff did timely move for a mistrial out of the presence of the jury after completion of defendant's testimony.

Evidence of drinking is so prejudicial that more than mere drinking must be shown; actual intoxication with impairment of physical or mental capabilities is required. (*Bohnen v. Wingereid* (1979), 80 Ill. App. 3d 232, 237, 398 N.E.2d 1204, 1208; *Kitten v. Stodden* (1966), 76 Ill. App. 2d 177, 181-82, 221 N.E.2d 511, 513, *appeal denied* (1967), 35 Ill. 2d 631.) Insinuations or innuendos of intoxication based upon evidence of drinking are impermissible and irrelevant when there is no evidence of intoxication. (*Benuska v. Dahl* (1980), 87 Ill. App. 3d 911, 914, 410 N.E.2d 249, 252; *McWethy v. Lee* (1971), 1 Ill. App. 3d 80, 272 N.E.2d 663, *appeal denied* (1972), 49 Ill. 2d 575.) However, such irrelevant evidence is grounds for reversal only if it results in prejudicing the jury's verdict. *Gilberto v. Nordtvedt* (1971), 1 Ill. App. 3d 677, 679, 274 N.E.2d 139, 140.

Defendant notes there was just a single reference to plaintiff's consumption of alcohol; however, it does not follow that the reference is thus without prejudice. The improper reference occurred on the examination of the first witness in trial, when the jury was highly attentive, and it could readily have colored its perception of the following testimony. Further, under the order *in limine*, plaintiff was unable to rebut the allegation without himself violating the order.

In *Benuska v. Dahl* (1980), 87 Ill. App. 3d 911, 914, 410 N.E.2d 249, 252, this court found that irrelevant evidence that one defendant had thrown a can of beer out of a car after an accident was sufficiently prejudicial as to require reversal. We held that a mistrial should have been granted not only because the suggestion of drinking without proof was highly prejudicial, but because defendant was also denied a fair opportunity to rebut the allegation under the order *in limine*, as in the present case. In *Coleman v. Williams* (1976), 42 Ill. App. 3d 612, 617, 356 N.E.2d 394, 398, no evidence was introduced that plaintiff was intoxicated, but evidence was produced that plaintiff

had spent some time in taverns on the day of the accident. In closing argument, defense counsel made the single reference that the jury consider where the plaintiff had been that day. We concluded this indirect reference to drinking raised the possible conclusion plaintiff was intoxicated and was reversible error. See *Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32; *cf. Gilberto v. Nordtvedt* (1971), 1 Ill. App. 3d 677, 679-80, 274 N.E.2d 139, 140-41.

It is apparent plaintiff was denied a fair trial in these circumstances and a mistrial should have been granted on that basis. It was also a clear violation of the trial court's *in limine* order, and as plaintiff was prejudiced, reversal is required. *Reidelberger v. Highland Body Shop, Inc.* (1979), 79 Ill. App. 3d 1138, 1144, 399 N.E.2d 247, 251, *aff'd* (1981), 83 Ill. 2d 545, 416 N.E.2d 268.

■ Plaintiff next contends that the trial court erred in refusing to submit his tendered instruction No. 6 which read as follows:

> "If you decide that the failure of the plaintiff in operating his vehicle without the door in place or without wearing a seat belt aggravated the injuries he sustained, then you are to consider those facts together with all of the other facts in evidence as to the nature and extent of the injuries sustained by the plaintiff.
>
> You are not to consider those facts in determining the question of negligence or contributory negligence."

We agree. The failure of the trial court to instruct the jury that evidence of the nonuse of seat belts is limited and may be considered only as to damages was also reversible error.

It has been settled by a long line of Illinois cases beginning with this court's decision in *Mount v. McClellan* (1968), 91 Ill. App. 2d 1, 234 N.E.2d 329, and further analyzed in *Kassela v. Stonitsch* (1978), 57 Ill. App. 3d 817, 373 N.E.2d 608, and *Dudanas v. Plate* (1976), 44 Ill. App. 3d 901, 358 N.E.2d 1171, *appeal denied* (1977), 65 Ill. 2d 581, that evidence of the use or nonuse of seat belts is not relevant to the issue of defendant's liability or plaintiff's contributory negligence, but is relevant only as it may affect the extent of plaintiff's injuries. Even then, the seat belt defense is proper only when it has been established by competent evidence that there is a direct, causal connection between plaintiff's failure to use a seat belt and his injuries. See also *Kassela v. Stonitsch* (1978), 57 Ill. App. 3d 817, 821-22, 373 N.E.2d 608, 612; *Dudanas v. Plate* (1976), 44 Ill. App. 3d 901, 904, 358 N.E.2d 1171, 1174-75, *appeal denied* (1977), 65 Ill. 2d 581; *Eichorn v. Olson* (1975), 32 Ill. App. 3d 587, 592-93, 335 N.E.2d 774, 778.

The issues of defendant's liability and plaintiff's injuries are ques-

tions which must be considered separately. To consider them as one question with a single answer determined, in part, by whether or not plaintiff wore a seat belt is error. Failure to wear seat belts cannot, as a matter of law, constitute contributory negligence. (See *Old Second National Bank v. Baumann* (1980), 86 Ill. App. 3d 547, 408 N.E.2d 224, *appeal denied* (1980), 79 Ill. 2d 632.) If competent evidence has established that plaintiff failed to wear an available seat belt and that a causal connection existed between nonuse and plaintiff's injuries, then an instruction limiting the use of that evidence must be submitted to the jury. (*Dudanas v. Plate* (1976), 44 Ill. App. 3d 901, 908-09, 358 N.E.2d 1171, 1178, *appeal denied* (1977), 65 Ill. 2d 581.) It makes no logical difference whether plaintiff or defendant seeks the instruction as evidence admitted in trial is available for all purposes to every party. *Morris v. Central West Casualty Co.* (1932), 351 Ill. 40, 47, 183 N.E. 595, 598; *Dudanas v. Plate* (1976), 44 Ill. App. 3d 901, 909, 358 N.E.2d 1171, 1178, *appeal denied* (1977), 65 Ill. 2d 581.

In the case at bar the jury was left to speculate as to the application of this evidence and could well have been confused in reaching its verdict. The trial judge, relying upon representations of defendant's counsel, also erroneously understood that absence of seat belts could be considered as to contributory negligence. In these circumstances the failure to give plaintiff's tendered instruction as it related to seat belts requires reversal. *People v. Lyden* (1981), 97 Ill. App. 3d 540, 542; *County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 15, 405 N.E.2d 1376, 1382.

In view of our determination of these issues we will address plaintiff's further contentions only to the extent necessary to avoid error on retrial.

■ Plaintiff argues that the trial court erred in refusing his motion to strike the evidence relating to the absence of a door on the plaintiff's vehicle. As offered in this case, defendant apparently seeks to extend the seat belt doctrine, as a factor in mitigation of damages, to the condition of the vehicle in which plaintiff was riding. Defendant's counsel offers no authority for such extension and in oral argument acknowledged he knew of none. Nor are we aware of any basis upon which that evidence could properly be considered as to the issues of liability or damages in this case.

■ Plaintiff next contends the trial court erred in giving defendant's instruction No. 16 relating to speeding and patterned on section 11—601(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—601(a)), arguing there was no credible evidence he was speed-

ing. Credibility was to be determined by the jury, and as both defendant and another witness testified plaintiff's speed was excessive, the instruction was properly given.

We conclude the errors in trial require that the judgment of the circuit court be reversed and the cause remanded for a new trial.

Reversed and remanded.

REINHARD and VAN DEUSEN, JJ., concur.