BRADFORD KENT HUKILL, Plaintiff-Appellee, v. ERNEST T. DiGREGO-
RIO *et al.*, Defendants-Appellants.

Second District No. 84—0117

Opinion filed August 2, 1985.—Rehearing denied November 8, 1985.

Kevin T. Martin, Donald R. McGarrah, and Ruth E. Van DeMark, all of
Wildman, Harrold, Allen & Dixon, of Chicago, for appellants.

George N. Avgeris, Chartered, of Hinsdale, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendants, Ernest T. DiGregorio and the Boeing Co., appeal from an order denying their pretrial motion to admit evidence that the failure of plaintiff, Bradford Kent Hukill, to wear a safety helmet when operating a motorcycle was a breach of plaintiff's duty to exercise care for his own safety and admissible to reduce damages. This court granted interlocutory appeal to review the question as certified by the trial court pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308).

The complaint alleges that on May 21, 1980, plaintiff was operating his motorcycle on Illinois Route 83 in Du Page County when it collided with an automobile which was being driven by defendant, Ernest DiGregorio, who was acting within the scope of his employment by defendant Boeing Co. It was alleged defendant's automobile turned in front of plaintiff whose motorcycle then collided with defendant's rear bumper, throwing plaintiff to the pavement, where

he sustained severe injuries to his head and body.

For purposes of this appeal, the parties agree plaintiff owned a safety helmet, but did not have it with him on that day. The parties also agree that the evidence offered by defendants, objection to which the trial court sustained, would show that plaintiff's injuries would have been reduced or avoided had he been wearing a protective helmet.

Defendants contend the "helmet defense" should be permitted on the same basis as may the "seat belt defense" in mitigation of damages, and appear to argue also that evidence of the failure of a motorcycle rider to wear a safety helmet should be admissible on the issue of comparative negligence. Defendants rely upon *Mount v. McClellan* (1968), 91 Ill. App. 2d 1, 234 N.E.2d 329, and its progeny, which relate to seat belts in automobiles, and also upon *Halvorson v. Voeller* (N.D. 1983), 336 N.W.2d 118, and *Dean v. Holland* (1973), 76 Misc. 2d 517, 350 N.Y.S. 2d 859, in which evidence of nonuse of a helmet by a motorcycle rider was permitted in mitigation of damages.

Plaintiff argues that the doctrine enunciated in *Mount* has been closely limited by the Illinois Appellate Court and has never been extended beyond the seat belt defense in mitigation of damages applicable to automobiles. (See *Wagner v. Zboncak* (1982), 111 Ill. App. 3d 268, 272, 443 N.E.2d 1085.) Plaintiff also looks to *Rogers v. Frush* (1970), 257 Md. 233, 262 A.2d 549, and *Burgstahler v. Fox* (1971), 290 Minn. 495, 186 N.W.2d 182, in which the courts rejected the so-called "helmet defense" offered in the present case.

The four cases from other jurisdictions to which we have referred appear to be the only instances in which the "helmet defense" has been considered by reviewing courts and, in these cases, the courts generally analogized to the seat belt defense in reaching their diverse conclusions.

It would serve no useful purpose for us to analyze the extensive arguments and supporting cases offered by plaintiff and defendants in their briefs. While this case was pending, our supreme court decided *Clarkson v. Wright* (1985), 108 Ill. 2d 129, which we find to be dispositive. In *Clarkson* the supreme court considered the seat belt defense for the first time, and the majority concluded that evidence of the failure of a rider in an automobile to wear a seat belt should not be admitted with respect to either the question of liability or damages in Illinois. In considering the issue, the court made note that while seat belts were required to be installed in the front seat of the automobile operated by plaintiff in that case, there was then no requirement it be used, and the presence of the seat belt created no duty on the part of

plaintiff to wear it "any more than would the presence in the automobile of a protective helmet create a duty to wear that." (*Clarkson v. Wright* (1985), 108 Ill. 2d 129, 133.) In the present case, of course, there was no statute at the time of the occurrence which required a motorcycle rider to wear a protective helmet, nor may the legislature constitutionally impose that requirement. *People v. Fries* (1969), 42 Ill. 2d 446, 449, 250 N.E.2d 149.

The majority of jurisdictions which have considered the seat belt defense have rejected it, as now has Illinois. We also reject, and for the same reasons, the suggested "helmet defense" considered in this case. The evidence tendered by defendants relating to mitigation of damages and comparative negligence premised upon plaintiff's failure to wear a safety helmet at the time of the collision was properly rejected by the trial court.

Accordingly, the judgment of the circuit court is affirmed and the cause remanded for further proceedings.

Affirmed and remanded.

HOPF and UNVERZAGT, JJ., concur.